WICICHOWSKI ET AL., APPELLANTS, *v.* GLADIEUX V. ENTERPRISES, INC., APPELLEE.

(No. L-88-097—Decided October 14, 1988.)

*Wilbur C. Jacobs,* for appellants.
*Marc J. Meister,* for appellee.

*Per Curiam.* This cause is before the court on appeal from a March 18, 1988 judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of Gladieux V. Enterprises, Inc., defendant-appellee. Dorothy and Joseph Wicichowski, plaintiffs-appellants, filed a timely notice of appeal and assert the following assignments of error:

"Assignment of Error No. 1. The trial court erred in granting summary judgment for defendant.

"Assignment of Error No. 2. The trial court erred in finding plaintiff guilty of contributory negligence as a matter of law.

"Assignment of Error No. 3. The

trial court erred in holding that the contributory negligence of plaintiff was the proximate cause of her injuries as a matter of law."

On April 16, 1986, while attending a matinee performance with three of her friends at the Westgate Dinner Theater, appellant Dorothy Wicichowski left her table during the first intermission to go to the lobby to obtain advance tickets for another show. Appellant fell as she was descending four steps leading from the table area to the lobby area. She filed a personal injury action against appellee, the owner and operator of the Westgate Dinner Theater, alleging failure to maintain the premises in a reasonably safe condition, to provide adequate lighting in the theater, and to have a proper handrail along the stairs as required by statute. Appellant Joseph Wicichowski joined in his wife's suit, claiming loss of her services and consortium.[1]

The trial court granted summary judgment in favor of appellee, holding that although the handrail on the steps, which was approximately thirty-six inches above the steps, did not conform to the provisions of the Ohio Basic Building Code, appellant's knowledge of the theater's condition was equal to appellee's knowledge of the theater's condition and that appellee did not breach its duty to maintain its premises in a reasonably safe condition by the lighting in the theater or by the condition of the handrail.

In their first assignment of error, appellants assert that the trial court erred in granting summary judgment for appellee.

Summary judgment is appropriate when it has been established that there is no question as to any material fact,

that defendant is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion which is adverse to the party opposing the motion, who is entitled to have the evidence construed most strongly in his favor. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

Appellants argue that the proper decision should be that the violation of the building code is negligence *per se* and that the negligence *per se* was one of the proximate causes of appellant's fall as a matter of law. Alternatively, they argue that the issue of the negligence *per se* being a proximate cause of appellant's fall was a question of fact for a jury to determine.

The parties agreed that the handrail which was provided on top of a dividing wall was thirty-five and one-half inches in height. This height did not strictly comply with then-existing Section 816.5.1.2 of the BOCA Basic/National Building Code 1984, Ninth Edition (see Ohio Adm. Code 4101:2-1-03[A] as in effect in 1986), which provided:

"Handrails shall not be less than 30 inches (762 mm) nor more than 34 inches (864 mm), measured vertically, above the nosing of the treads or above the finished floor of the landing for the horizontal portion of the handrail extension."

Nevertheless, Ohio Adm. Code 4101:2-1-06 requires liberal construction of the Ohio Basic Building Code and states that unnecessary hardship is to be avoided, "* * * provided the spirit and intent of this code shall be observed and the public safety, health, and welfare is [*sic*] assured." Furthermore, "* * * [i]njuries occasioned by insubstantial defects should not be actionable unless circumstances render them 'unreasonably dangerous.' * * *" *Raflo* v. *Losantiville Country Club* (1973), 34 Ohio St. 2d 1, 4, 63 O.O. 2d

---

[1] For ease of reference, "appellant" shall mean Dorothy Wicichowski unless otherwise indicated.

1, 2, 295 N.E. 2d 202, 204. This court cannot say that this variation of one and one-half inches in the height of the rail was a substantial, unreasonably dangerous defect constituting negligence *per se,* in light of Ohio Adm. Code 4101:2-1-06 and the fact that Section 828.2.2 of the BOCA National Building Code 1987, Tenth Edition, effective January 1, 1989 in Ohio, now provides:

"Handrails shall not be less than 34 inches (864 mm) nor more than 38 inches (965 mm), measured vertically, above the nosing of the treads or above the finished floor of the landing or walking surfaces."[2]

Appellee's railing conforms to these height provisions.

Appellant was a frequent patron of the Westgate Dinner Theater, attending performances approximately once every three months for four years preceding her fall. Thus, it can be presumed that she was familiar with the entire area, including the step where she fell.

Moreover, appellant admits she encountered the same condition upon her ascent of the steps prior to the performance, including the height of the railing and the intensity of the lighting, as she did during the intermission upon her descent and fall. She does not contend that there was anything else wrong with the stairway — such as that something was spilled on it or sticking up on it. Therefore, she cannot maintain that the hazard was so insubstantial as to go unnoticed all the previous times she traversed the steps, yet was unreasonably dangerous, hence actionable, when it occasioned her fall. *Raflo, supra,* paragraph one of the syllabus. In other words, because appellant had knowledge of the condition of the step at least equal to that of appellee, appellee did not breach any duty owed to appellant and, therefore, is not guilty of actionable negligence as a matter of law. *LaCourse* v. *Fleitz* (1986), 28 Ohio St. 3d 209, 210, 28 OBR 294, 295-296, 503 N.E. 2d 159, 160-161; *Mikula* v. *Slavin Tailors* (1970), 24 Ohio St. 2d 48, 56-57, 53 O.O. 2d 40, 44-45, 263 N.E. 2d 316, 322; *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40 O.O. 2d 52, 227 N.E. 2d 603.

"* * * It is only when there are perils or dangers known to the owner and not known to the person injured that liability may be established and recovery permitted. * * *" (Citation omitted.) *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73, 78, 15 O.O. 581, 583, 23 N.E. 2d 829, 831.

" 'The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, *he is barred from recovery by lack of defendant's negligence towards him,* no matter how careful plaintiff himself may have been.' " (Emphasis added.) *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 48, 42 O.O. 2d 96, 98, 233 N.E. 2d 589, 591-592, 32 A.L.R. 3d 1, 5, quoting 2 Harper & James, Law of Torts (1956) 1491.

Where there is no negligence, *i.e.,* breach of a duty, the issue of proximate cause is never reached. Thus, viewing the evidence in a light most favorable to appellants, reasonable minds could only conclude that there were no questions of material fact and appellee was entitled to judgment as a

---

[2] Section 828.2.2 goes on to provide an exception which states:

"* * * Handrails that form part of a guardrail shall have a height not less than 34 inches (864 mm) and not more than 42 inches (1067 mm)."

180

matter of law. Appellants' first assignment of error is found not well-taken.

In their second and third assignments of error, appellants assert that the trial court erred in finding that Mrs. Wicichowski's conduct constituted contributory negligence and that her contributory negligence was the proximate cause of her injury as a matter of law. However, the court did not even reach this issue and made no such holding. Where it is determined that a defendant is not negligent, there is no need to reach the issue of contributory negligence or assumption of the risk. *Porter* v. *Miller* (1983), 13 Ohio App. 3d 93, 96, 13 OBR 110, 112, 468 N.E. 2d 134, 137, fn. 2, citing *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 25-26, 3 OBR 20, 27-28, 443 N.E. 2d 532, 538. Therefore, appellants' second and third assignments of error are found not well-taken.

On consideration whereof, this court finds substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App. R. 24, it is ordered that appellants pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.