Monte R. PULLMAN, Appellant
(Plaintiff),

v.

Kari M. OUTZEN, formerly known
as Kari M. Pullman, Appellee
(Defendant).

No. 95–260.

Supreme Court of Wyoming.

Oct. 4, 1996.

Don M. Empfield, Gillette, for appellant.

Joseph E. Hallock and Brian C. Shuck of Stevens, Edwards & Hallock, P.C., Gillette, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

The issue presented in this case is whether appellee owes appellant a duty to clear snow and ice from the front steps of a trailer home. Concluding that the natural accumulation rule bars the imposition of such a duty, we affirm the district court's grant of summary judgment.

## I. ISSUES

Appellant presents the following issues:

A. Did the lower court correctly grant summary judgment to the defendant on the issue of causation where:

1. The court determined that there was a single cause of the plaintiff's injuries while ignoring several causation factors asserted in the complaint and the plaintiff's deposition; and

2. The only competent evidence on single or multiple factors was the sworn testimony of the plaintiff; and

3. This issue was a genuine issue of material fact?

B. Did the lower court correctly grant summary judgment to the defendant where she did not meet her initial burden of proving the nonexistence of a genuine issue of material fact?

C. Did the court correctly rule that packed ice and snow on a set of steps built in contravention of the provisions of the Uniform Building Code pertaining to handrails, the allowable height of steps and the allowable variance between step heights, constituted a "natural accumulation" as defined in *Eiselein v. K–Mart, Inc.*, [868] P.2d 893 (Wyo.1994)?

D. Did the trial court rule correctly in dismissing the plaintiff's second claim for relief on the basis that the "evidence does not indicate that the Uniform Building Code is applicable to the stairs and deck being used for access to the home"?

Appellee states the issues:

I. Whether the trial court properly granted summary judgment in favor of Appellee based upon the trial court's dual findings that: 1.) no genuine issues of material fact existed with respect to Appellant's claim that Appellee negligently maintained her steps; and 2.) that Appellee was entitled to judgment as a matter of law.

II. Whether the trial court properly granted summary judgment in favor of Appellee based upon the trial court's dual findings that: 1.) no genuine issues of material fact existed with respect to Appellant's negligence per se claim; and 2.) Appellee was entitled to judgment as a matter of law.

## II. FACTS

Monte R. Pullman (Pullman) slipped and fell on a set of steps covered with snow and ice. The free-standing steps led to a deck which rested against Kari M. Outzen's (Outzen) trailer home. The stairs, which had been built by Outzen and a friend, did not fully comply with the Uniform Building Code (UBC). One riser was eight and three quarters inches high rather than the maximum allowable eight inches. Further, the thirty-two inch high set of steps lacked a handrail. The UBC required a handrail for all stairs that were more than thirty inches high.

Pullman incurred injuries as a result of his fall and filed suit against Outzen In his first claim for relief, Pullman alleged that Outzen had a duty to remove the snow and ice from the deck and steps and that her negligent failure to remove the snow and ice caused his injuries. In his second claim for relief, Pullman alleges that Outzen was negligent per se in not complying with the UBC in the construction of the steps. His final claim for relief alleged that the steps were inherently dangerous in design and that design caused his injuries.

Outzen filed a motion for summary judgment which was granted. The district court concluded that Outzen owed Pullman no duty

---

* Chief Justice at time of oral argument.

to remove the snow and ice, and that the UBC was not applicable to the steps. The parties stipulated to the dismissal of the third claim for relief. Pullman appeals.

## III. DISCUSSION

### A. STANDARD OF REVIEW

Summary judgment is proper, even in negligence cases, when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 517–18 (Wyo.1994). In reviewing a motion for summary judgment, we view the record on appeal in the light most favorable to the party opposing the motion and will accept all favorable inferences in favor of that party that can be drawn from the record. *Id.* (*quoting Lynch v. Norton Constr.*, 861 P.2d 1095, 1097 (Wyo. 1993)).

### B. NATURAL ACCUMULATION ANALYSIS

In Wyoming, the owner or occupier of premises is not liable for injuries resulting from a slip and fall on a natural accumulation of snow and ice. *Eiselein v. K–Mart, Inc.*, 868 P.2d 893, 897 (Wyo.1994). Further, we have held that there is no liability when the dangers surrounding such natural accumulation are obvious or are as well known to the plaintiff as the defendant. *Sherman v. Platte County*, 642 P.2d 787, 789 (Wyo.1982). Liability attaches only if the owner or occupier creates an unnatural accumulation that is substantially different in volume or course than would naturally occur. *Eiselein*, 868 P.2d at 898. To prove that an accumulation of snow and ice is unnatural, a plaintiff must show that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would have been in its natural state. *Myers v. Forest City Ent., Inc.*, 92 Ohio App.3d 351, 635 N.E.2d 1268, 1269 (1993).

The issue in this case is whether pedestrian packed snow and ice on a deck and the steps descending from that deck is a natural accumulation of snow and ice. We conclude that pedestrian packed snow and ice is not substantially more dangerous than snow and ice in its natural state. Therefore, we hold that pedestrian packed snow and ice is a natural accumulation and that an owner or occupier of premises upon which such an accumulation occurs is not liable for injuries incurred as a result of a slip and fall accident on that natural accumulation. *Erasmus v. Chicago Housing Authority*, 86 Ill.App.3d 142, 41 Ill.Dec. 533, 535, 407 N.E.2d 1031, 1033 (1980). The district court correctly applied the natural accumulation rule in granting summary judgment against Pullman on his first claim for relief.

### C. IMPACT OF THE UNIFORM BUILDING CODE

In his second claim for relief, Pullman insisted that Outzen's failure to strictly comply with the UBC constituted negligence per se. We disagree. This court has held, pursuant to Restatement (Second) of Torts § 286 (1965), that a court *may,* under certain circumstances, adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment. *Distad v. Cubin,* 633 P.2d 167, 175 (Wyo.1981). However, if such a standard is not adopted the unexcused violation of the enactment may serve as evidence of negligence. *Id.* at 176.

The UBC violations alleged in this case are irrelevant because the natural accumulation rule eliminated Outzen's duty. *See Wicichowski v. Gladieux V. Enterprises, Inc.*, 54 Ohio App.3d 177, 561 N.E.2d 1012, 1014 (1988) (holding that insubstantial defects should not be actionable unless unreasonably dangerous and rejecting proximate cause arguments in the absence of a duty). Summary judgment was properly granted against Pullman on his second claim for relief.

## IV. CONCLUSION

The decision of the district court is affirmed.