**Judith L. PAULSON, Appellant (Plaintiff),**

v.

**Jose ANDICOECHEA, Individually, Jose Andicoechea, d/b/a Cody Motel, and Cody Motel, Inc., Appellees (Defendants).**

**No. 95–300.**

Supreme Court of Wyoming.

Nov. 15, 1996.

Robert W. Horn (argued), and Vonde M. Smith of Robert W. Horn, P.C., Jackson Hole, for appellant.

Daniel T. Massey of Harrison & Massey, LLC, Rawlins, for appellees.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN * and LEHMAN, JJ.

LEHMAN, Justice.

The issue presented in this case is whether appellee owes appellant a duty to clear snow and ice from a parking lot. Finding that the natural accumulation rule bars imposition of such a duty under the specific facts of this case, we affirm the district court's grant of summary judgment.

* Chief Justice at time of oral argument.

## ISSUES

Appellant presents the following issue:

I. May the natural accumulation rule serve as a foundation for summary judgment in the face of specific common law and statutory duties which mandate the removal of snow and ice from the property where a citizen was hurt?

Appellee states the issues:

I. Is summary judgment appropriate in a slip and fall case when the summary judgment is based on undisputed facts, well-settled Wyoming case law concerning the natural accumulation rule, and the obvious danger rule?

II. If a landowner in Wyoming cleans a parking area following a snowfall, is there a common law duty created requiring landowner to clean the parking area each subsequent snowfall thereafter?

III. Does Rock Springs' city ordinance requiring snow removal from sidewalks create a duty to remove snow from parking areas not located on sidewalks?

## FACTS

On December 10, 1991, Appellant Judith Paulson (Paulson) arrived at the Appellee Cody Motel (Cody Motel) in Rock Springs, Wyoming to perform her janitorial cleaning service. It had snowed, and Cody Motel had not cleared away the snow and ice which had accumulated in the parking lot. When Paulson arrived at the Cody Motel, she drove into the parking lot, got out of the truck, and entered the main office. She then returned to her truck and drove to the laundry room, whereupon she supervised the cleaning of the rooms. As Paulson drove around and walked on the parking lot, she recognized that it was packed and slick with snow and ice.

When Paulson's duties were finished, she drove her vehicle back to the main office to clock out. Paulson parked her vehicle in the parking lot; and, upon stepping out of her truck, she slipped and fell on some snow and ice injuring herself. Subsequently, Paulson

filed an action in district court against Cody Motel and its owner, Jose Andiocoechea, based upon negligence. Cody Motel submitted a motion for summary judgment, arguing that it owed no duty to Paulson and, thus, a negligence action could not survive. The district court agreed with Cody Motel and granted summary judgment. Paulson timely appeals.

## DISCUSSION

### I. Standard of review

Summary judgment is proper, even in negligence cases, when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Pullman v. Outzen*, 924 P.2d 416, 418 (Wyo.1996); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 518 (Wyo.1994); *Eiselein v. K-Mart, Inc.*, 868 P.2d 893, 894–95 (Wyo.1994). When we review a motion for summary judgment, we view the record on appeal in the light most favorable to the party opposing the motion and accept all favorable inferences that can be drawn from the record in favor of that party. *Pullman*, at 418; *Downen*, at 518; *Eiselein*, at 894.

### II. Natural accumulation and obvious danger rules

■■■ In Wyoming, this court has made a distinction between natural and unnatural accumulations of snow and ice regarding slip and fall cases. The owner or occupier of the premises is not liable for injuries resulting from a slip and fall on a natural accumulation of snow and ice. *Pullman*, 924 P.2d at 418; *Eiselein*, 868 P.2d at 897. We have further held that there is no liability when the dangers surrounding such natural accumulation are obvious or are as well known to the plaintiff as the defendant. *Pullman*, at 418; *Sherman v. Platte County*, 642 P.2d 787, 789 (Wyo.1982). In *Eiselein* we defined and clarified the reasoning underlying these rules:

> [A] proprietor is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition. The conditions created by the elements, such as the forming of ice and falling of

snow, are universally known and there is no liability where the danger is obvious or is as well known to the plaintiff as the property owner.

*Bluejacket [v. Carney*, 550 P.2d 494], at 497 [(Wyo. 1976)]. The rationale underlying this rule is that

> in a climate where there are frequent snowstorms and sudden changes of temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction; consequently, the danger from ice and snow in such locations is an obvious one, and the occupier of the premises may expect that an invitee on his premises will discover and realize the danger and protect himself against it.
>
> 62A Am.Jur.2d *Premises Liability* § 699 (1990).

*Eiselein*, 868 P.2d at 897; *see also Johnson v. Hawkins*, 622 P.2d 941, 942–43 (Wyo.1981). It is significant to point out that one of the underlying principles of the natural accumulation rule is that the dangers of natural accumulations of snow and ice are obvious; thus, the obvious danger rule is contained within and is part and parcel of the natural accumulation rule.

■■■ Liability will only attach if the owner or occupier creates an unnatural accumulation that is substantially different in volume or course than would naturally occur. *Pullman*, 924 P.2d at 418; *Eiselein*, 868 P.2d at 898. To establish that an accumulation of snow and ice is unnatural, a plaintiff must show that the defendant created or aggravated the hazard, that the defendant knew or should have known of the hazard, and that the hazardous condition was substantially more dangerous than it would have been in its natural state. *Pullman*, at 418. Furthermore, no duty exists which requires either the removal of an obvious danger or a warning of its existence. *Eiselein*, at 895. In *Sherman v. Platte County*, we stated

> there is the rule that no duty exists which requires either the removal of an obvious danger or a warning of its existence. Second is the rule that no duty exists to remove the natural accumulation of snow and ice. The latter rule broadens the pro-

tection accorded possessors of land under the former rule. It covers that class of cases where the ice and snow naturally accumulate in a fashion where there is a lurking danger, i.e., the ice is covered by the snow.

642 P.2d at 789. We have also stated that even the most ably constructed and carefully maintained parking lot will probably contain minor indentations in which naturally occurring water can accumulate and freeze; naturally occurring water which naturally concentrates in such a lot is still considered a natural accumulation. *Eiselein*, 868 P.2d at 898.

In *Pullman*, we concluded that pedestrian packed snow and ice is not substantially more dangerous than snow and ice in its natural state. 924 P.2d at 418. We went on to hold that pedestrian packed snow and ice is a natural accumulation and that an owner or occupier of the premises at which such an accumulation occurs is not liable for injuries incurred as a result of a slip and fall accident on that natural accumulation, and we affirmed the district court's grant of summary judgment. *Id.*

■ At issue in this case is whether packed and frozen snow and ice in a parking lot is a natural accumulation under the specific facts. Paulson did not sustain her burden of proving that Cody Motel did anything to create or aggravate the hazard of the snow and ice, and she did not prove that the snow and ice was in a substantially more dangerous state than in its natural state. Paulson failed to present evidence that Cody Motel created an unnatural accumulation that is substantially different in volume or course than would naturally occur. The record establishes that it had snowed on the parking lot, that ice had built up, and that Cody Motel did not undertake to remove the snow and ice. Thus, Cody Motel did not change the condition of the snow and ice, nor did they create any unnatural accumulation. Nor did Paulson present evidence that in the exact area where she fell, the parking lot was so defective as to cause snow and ice to unnaturally accumulate in a substantially more dangerous state. To the contrary, the record shows that the area upon which Paul-

son fell was in no different state than the rest of the parking lot. To comport with *Eiselein*, naturally occurring water, and therefore snow and ice, which naturally concentrates in a parking lot is still considered a natural accumulation.

We also find that Paulson was aware, or should have been aware, of the open and obvious danger the snow and ice posed in the parking lot. Paulson testified in a deposition that she saw that the entire parking lot contained snow and ice. She testified that when she got out of her truck in the morning in front of the main office, she noticed that the parking lot was snow-packed and frozen with ice covering the snow. She testified that she walked carefully to and from her truck to the motel, and walked carefully from each side of the motel to the other because it was slick. Therefore, under the obvious danger rule inherent in the natural accumulation rule, Paulson should have been aware of the dangers the snow and ice presented. Cody Motel had no duty to remove or warn her of such obvious dangers. *See Eiselein*, 868 P.2d at 895; *Sherman*, 642 P.2d at 789. The district court correctly applied the natural accumulation rule in granting summary judgment against Paulson.

### III. Impact of municipal ordinances

■ Although Wyoming statutory and common law impose no duty upon Cody Motel to remove natural accumulations of snow and ice, Paulson contends that Rock Springs municipal ordinances do impose such a duty. The first municipal ordinance that Paulson entreats requires an owner or occupier of premises within the city limits to keep front sidewalks free of accumulation of snow and ice. Paulson, however, did not injure herself on the sidewalk in front of the Cody Motel; as such, this argument is irrelevant.

■ The second municipal ordinance relied upon by Paulson involves the prohibition against causing or permitting a pool of water to form, stand or flow upon any street, sidewalk, alley or other public ground. This argument also fails. There is no evidence in the record that Cody Motel caused or permitted a pool of water to form, stand or flow

upon any street, sidewalk, alley or other public ground, and no evidence that such was the proximate cause of Paulson's injury.

### IV. Impact of Cody Motel's previous removal of snow and ice

Paulson argues that Cody Motel had a duty to remove the snow and ice from the parking lot on the day she was injured because Cody Motel had removed the snow and ice from the parking lot on previous days when it had snowed. Paulson mischaracterizes the law of negligence regarding gratuitous undertakings. In order for a negligence action to survive regarding a gratuitous rendering of services to another, the party being sued has to actually undertake the rendering of the services which caused harm to the plaintiff. *See Kelly v. Roussalis,* 776 P.2d 1016, 1019 (Wyo.1989); *Beard v. Brown,* 616 P.2d 726, 733–34 (Wyo.1980); *Ellsworth Bros., Inc. v. Crook,* 406 P.2d 520, 523–24 (Wyo.1965); Restatement, Second, Torts § 323 (1965); 57A Am.Jur.2d *Negligence* §§ 112, 113 (1989) (§ 113: "essential to a finding of liability is a particular undertaking in fact, not merely the expectation of one or the legal right to pursue one, for without the actual assumption of the undertaking there can be no correlative legal duty to perform that undertaking carefully"). Cody Motel did not undertake to remove the snow and ice after the last snow before Paulson was injured. Nor is there any evidence to suggest that previous gratuitous removals of ice and snow resulted in an unnatural accumulation.

### CONCLUSION

Paulson failed to satisfy her burden that Cody Motel created an unnatural accumulation of snow and ice in its parking lot that was substantially different in volume or course than would naturally occur. Cody Motel undertook no action to remove the snow and ice, and Paulson was well aware of the snow and ice in the parking lot and should have been well aware of the open and obvious dangers the snow and ice posed. The compacted snow and ice in Cody Motel's parking lot was a natural accumulation; and, accordingly, Cody Motel is not liable for slip and fall injuries resulting therefrom. The decision of the district court is

Affirmed.