Teresa R. SELBY and Frank P. Selby, husband and wife, Appellants (Plaintiffs),

v.

CONQUISTADOR APARTMENTS, LTD., a Wyoming partnership, Appellee (Defendant).

No. 98–321.

Supreme Court of Wyoming.

Nov. 18, 1999.

Representing Appellants: Philip T. Willoughby, Attorney at Law, Casper, WY.

Representing Appellee: Rex O. Arney and Timothy M. Stubson of Brown, Drew & Massey, LLP, Casper, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellants, Teresa R. Selby and her husband, Frank P. Selby, filed this action against Conquistador Apartments, Ltd. (Conquistador) alleging negligence on the part of Conquistador as to the maintenance of a common area used by tenants of an apartment complex resulting in injury to Mrs. Selby when she slipped and fell on a patch of ice in the parking lot of the complex. The district court granted summary judgment in favor of Conquistador on the grounds that the patch of ice upon which Mrs. Selby slipped was a natural accumulation and, therefore, no duty was owed to the Selbys. Finding that there are genuine issues of material fact as to whether the patch of ice was a natural accumulation or a condition created and/or aggravated by Conquistador, we reverse.

## ISSUES

Appellants provide the following statement of the issues:

> Granting summary judgment did the District Court err finding as a matter of law the defendant/appellee was entitled to summary judgment in that the owner of a multiple unit apartment complex is not liable for injuries resulting from a slip and fall on a natural accumulation of snow and ice on or about a common use area of necessity?

A) Was the icy area on which the appellant stepped and fell a "natural accumulation" of ice relieving the owner of [the] premises of liability and is the determination of that issue a matter of fact or law?

B) Should the District Court have found the owner of a 96 unit apartment complex has a duty of reasonable care to tenants and the issue of failure to maintain a common area of necessity and breach of this duty leaves issues of material fact and reasonable care to be decided by a jury?

C) Should the District Court have applied as the law of the case the Restatement (Second) of Torts as set out in Plaintiff's Memorandum In Opposition And Response To Defendant's Motion For Summary Judgment leaving issues of material fact and reasonable care to be decided by a jury?

D) Should the Supreme Court adopt the Restatement (Second) of Torts as set out in Plaintiff's Memorandum In Opposition And Response To Defendant's Motion For Summary Judgment as the law of this case and of Wyoming leaving issues of material fact and reasonable care to be decided by a jury?

Appellee Conquistador responds with a more succinct statement of the issues before us:

1. Whether there is a material issue of fact relevant to the application of the natural accumulation rule to a fall caused by a small patch of ice found in the parking lot of an apartment complex.

2. Whether the natural accumulation rule is applicable to the landlord-tenant relationship.

### FACTS

Mr. and Mrs. Selby were residents of Conquistador on November 14, 1994. On that day, Mrs. Selby loaded garbage into her car and drove it across the apartment parking lot to a common trash dumpster. The dumpster was located in the corner of the parking lot. Immediately adjacent to the dumpster area on one side were painted parking spots. The dumpster area was specifically designated by striped yellow lines and was built so as to slope away from the parking spots toward a drainage gutter. At the time of the accident, the dumpster itself was located near the closest parking spot and away from the drainage gutter. The dumpster, which had two lids that opened toward the rear so that trash could be placed in it from the sides or the front, was about two to three feet from a parked vehicle, which had been in place for 3–4 days.

The weather on the day of the accident was clear. Snow and ice, which had accumulated in and around the parking lot, were melting in the areas that were directly exposed to the sun. The manager of Conquistador usually plowed and applied Ice Melt to areas around the dumpster, except when a car was parked next to the dumpster which prevented the use of the plow in that area. Ice Melt had not been applied around the dumpster on the day of Mrs. Selby's injury because the weather was dry, and it had not snowed in a week. However, the area between the dumpster and the parked vehicle was not exposed to the sun due to shadows resulting from the location of the vehicle and the dumpster. Consequently, a patch of black ice had formed in the space and had not melted.

Upon arriving at the dumpster, Mrs. Selby stepped into the area between the parked vehicle and the dumpster. As she hefted the garbage bag to throw it into the dumpster, she slipped on the ice and suffered a fracture in her right leg. Subsequently, Mr. and Mrs. Selby brought this action alleging negligence on the part of Conquistador in the maintenance of the parking lot.

The district court granted Conquistador's motion for summary judgment based upon the conclusion that the patch of ice was a natural accumulation, and under Wyoming law, the owner or occupier of property does not owe a duty to remove natural accumulations of snow and ice. The Selbys appeal that judgment to this Court.

## STANDARD OF REVIEW

Summary judgment will be sustained only if there is no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law. A material fact is one that establishes or refutes an essential element of a cause of action or a defense asserted by a party. If the moving party presents supporting summary judgment materials demonstrating that no genuine issue of material fact exists, the burden shifts to the nonmoving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. On appeal, this Court examines the entire record in the light most favorable to the party who opposed the motion, affording that party all favorable inferences which may be drawn from the materials either supporting or opposing the motion. "If a dispute exists over a material fact which leads to conflicting interpretations or if reasonable minds might differ, then summary judgment is improper." *Lyden v. Winer,* 878 P.2d 516, 518 (Wyo.1994). When we review a grant of summary judgment deciding a question of law, we do so *de novo* and afford no deference to the district court's ruling. *Blagrove v. JB Mechanical, Inc.,* 934 P.2d 1273, 1275 (Wyo.1997).

## DISCUSSION

### Natural Accumulation Rule

■ In *Eiselein v. K–Mart, Inc.,* 868 P.2d 893, 897 (Wyo.1994), we held that absent an express intention from the legislature to abrogate the natural accumulation rule, the rule survived the adoption of comparative negligence. Simply expressed, the natural accumulation rule provides that an owner or occupier of premises is not liable for injuries resulting from a slip and fall on a natural accumulation of ice and snow. *Id.* The scope of the rule was succinctly set forth in *Eiselein:*

> The justification for the natural-accumulation rule comports with the factors to be considered in determining the existence of a duty. The magnitude of the burden on defendant to prevent injuries from snow or ice is great. As noted above, natural winter conditions make it impossible to prevent all accidents. The plaintiff is in a much better position to prevent injuries from ice or snow because the plaintiff can take precautions at the very moment the conditions are encountered. Even if the plaintiff is unaware of the ice or snow he happens to slip on, he may be charged with knowledge that ice or snow is a common hazard in winter, one which he must consistently guard against.
>
> We agree with appellee that no justification exists for imposing on a property owner a duty to protect invitees from hazards which are naturally occurring and identical to those encountered off of the premises. However, the equities shift if the accumulation of ice or snow is not a natural accumulation, but rather an artificial condition created by the defendant. If the defendant creates the hazard, then it is within the defendant's control and he is in a better position to foresee and prevent injuries resulting from the hazard. If the condition occurs naturally, the defendant is in no better position than the plaintiff to prevent the injuries. *See Tyrrell v. Investment Assoc., Inc.,* 16 Ohio App.3d 47, 48, 16 OBR 50, 50, 474 N.E.2d 621, 624 (1984).

868 P.2d at 897–98. To prove that an accumulation of ice or snow is unnatural, a plaintiff must show: (1) that the defendant created or aggravated the hazard; (2) that the defendant knew or should have known of the hazard; and (3) that the hazardous condition was substantially more dangerous than it would have been in its natural state. *Paulson v. Andicoechea,* 926 P.2d 955, 957 (Wyo. 1996); *Pullman v. Outzen,* 924 P.2d 416, 418 (Wyo.1996).

■ The application of the natural accumulation rule relates to the threshold question of whether a duty exists on the part of the defendant. Normally, this is a question of law to be determined by the courts. However, we have recognized that in certain instances the question of duty hinges upon the determination of certain basic facts and, in those rare circumstances, the question of the existence of a duty is properly placed before the trier of fact.

Although the issue of duty is usually decided by the district court as a matter of

law, we have held that when the duty issue involves questions which are basic issues of fact, it should be resolved by the jury. In [*Halpern v. Wheeldon*, 890 P.2d 562, 565 (Wyo.1995) ], we stated:

> In order to recover in any negligence action, a plaintiff must establish that the defendant owed a duty of care to him. Generally, the issue of duty is decided by the court as a matter of law. In certain instances, however, the duty issue involves questions which are basic issues of fact. For example, in *Thunder Hawk by and through Jensen v. Union Pacific Railroad Company*, 844 P.2d 1045 (Wyo.1992), we adopted the Restatement (Second) of Torts § 339 (1965) as the test to be utilized in determining whether a defendant owes a duty to a child trespasser under the "attractive nuisance" doctrine. 844 P.2d at 1048–49. In *Thunder Hawk by and through Jensen*, we stated that genuine issues of material fact existed with regard to whether the defendant owed a legal duty to the child trespasser and ruled that those issues should be resolved by the jury. *Id.*

In order to resolve this appeal, we must determine whether the duty issue in this case is purely a question of law where the basic facts are undisputed or whether the duty issue can be determined only by resolving basic facts, similar to the situations in [*Thunder Hawk by and through Jensen* and *Halpern* ].

*Duncan v. Town of Jackson*, 903 P.2d 548, 551 (Wyo.1995) (citations omitted); *see also Endsley v. Harrisburg Medical Center*, 209 Ill.App.3d 908, 911, 154 Ill.Dec. 470, 568 N.E.2d 470, 472 (Ill.App. 5th Dist.1991) ("The trier of fact is in a much better position than an appellate court to determine whether the accumulation is natural."). Here, we must make the same determination which faced the *Duncan* court.

■ The Selbys contend that the materials submitted in conjunction with the motion for summary judgment raise issues of material fact as to whether the ice formation upon which Mrs. Selby slipped and fell was a natural accumulation, or whether it was a condition created or aggravated by Conquistador. They rely on evidence which shows that the area around the dumpster had been plowed and Ice Melt applied, with the exception of the space between the car and the dumpster. As a result, that area was clear of ice. The Selbys' position is that Conquistador aggravated the conditions around the dumpster because it had placed the dumpster on the far side of its designated area within two to three feet of the parking space resulting in the accumulation of ice along the space between it and the car. They contend that if the dumpster had been placed away from the parking space, then, at the least, the ice would have dissipated because of the sunny conditions. Conquistador, on the other hand, counters that regardless of the placement of the dumpster, the ice was a natural accumulation because it is to be expected that a place not exposed to the sun would retain ice longer, and Mrs. Selby should have been aware of that possibility.

In our previous cases, consideration of the natural accumulation rule has arisen in the context of the accumulation of snow or ice in parking lots or on residential walkways. *Eiselein*, 868 P.2d at 894 (department store parking lot); *Pullman*, 924 P.2d at 417 (deck steps on residence); *Paulson*, 926 P.2d at 956–57 (motel parking lot). In each case, the conditions of the areas where the plaintiffs' injuries occurred were covered by ice and snow that had been subjected to automobile and/or foot traffic and the natural melting and freezing associated with temperature variations. *Id.* We concluded that snow and ice accumulations which were subjected to such conditions were natural accumulations and, consequently, no duty was owed by owners of the premises to the plaintiffs. *Pullman*, 924 P.2d at 418; *Paulson*, 926 P.2d at 957–58.

Here, we are confronted with a different situation. The question in this instance is whether the location of the dumpster, vis-a-vis the parking spot, created a condition conducive to the accumulation of ice which was different than the condition which would have resulted naturally under the circumstances. In other words, did Conquistador **aggravate** the accumulation of ice around the

dumpster by locating it on the far side of its designated area within two to three feet of the occupied parking space? Based on the facts noted above, we must conclude that there are material facts at issue precluding disposition of this matter by summary judgment. The determination of whether the location of the dumpster in relation to the parked car aggravated the condition, or whether the accumulation of ice was simply a natural consequence of sunlight and shadow, is one of basic facts which must be determined by the trier of fact.

### Landlord Duty

The Selbys argue that the natural accumulation rule should not negate a landlord's duty to exercise reasonable care in the maintenance of the common areas of a multi-occupant facility. They urge the adoption of the Restatement (Second) of Torts §§ 360 and 361 as the standard when considering a landlord's duty relating to the natural accumulation of ice and snow.

In effect, the Selbys are proposing an exception to the natural accumulation rule. We do not think such an exception is appropriate and decline to adopt the Restatement (Second) of Torts sections as proposed by the Selbys. The rationale behind the natural accumulation rule noted above is equally applicable in this situation as it is in the context of a commercial or residential setting. An apartment complex resident is not any different than any other invitee on other types of property in being able to recognize and take precautions against the natural hazards of winter. *Eiselein,* 868 P.2d at 897–98.

Furthermore, as this Court has repeatedly emphasized, Wyoming follows the common law rules in landlord-tenant relationships. *Roberts v. Klinkosh,* 986 P.2d 153, 156 (Wyo.1999); *Ortega v. Flaim,* 902 P.2d 199, 202 (Wyo.1995). Generally, landlords do not owe a duty to tenants or their guests as they enjoy immunity from tort liability. *Id.* An exception to the general immunity of a landlord is when part of the premises is retained under the landlord's control and the tenant is permitted to use it. *Roberts,* 986 P.2d at 156; *Lyden,* 878 P.2d at 518. In those situations, the landlord does owe a duty

under common law of reasonable care. *Id.* However, injuries which result from natural weather conditions do not increase the liability of a landlord. *Krokowski v. Henderson National Corp.,* 917 P.2d 8, 11 (Okl.1996). The natural accumulation rule is equally applicable to landlords, and liability attaches only if the plaintiff can establish that the accumulation is not natural. *Id.*

Therefore, if the trier of fact concludes that it was a natural accumulation, then Conquistador owed no duty to Mrs. Selby. If, however, the trier of fact concludes that the ice was not a natural accumulation, then the Selbys must establish that the landlord also owed a duty under the common areas of exception of the landlord's general immunity to tort liability. If that is established, then they must, of course, prove the remaining elements of their negligence claim in order to prevail.

### CONCLUSION

There are issues of material fact in dispute as to whether the accumulation of ice upon which Mrs. Selby slipped was natural. Therefore, we reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

Reversed and remanded.

GOLDEN, J., dissenting, with whom THOMAS, J., joins.

I respectfully dissent. It is undisputed that Conquistador had not physically acted upon the week-old natural accumulation of snow and ice upon which Mrs. Selby slipped and fell. In my view, a natural accumulation of snow and ice remains a natural hazard unless the owner or occupier of the premises physically acts upon it so as to *aggravate* the naturally existing hazard, *i.e.,* making the snow and ice substantially more dangerous than it was in its physically untouched natural state. Delving into whether Conquistador's placement of a dumpster in relation to a parking space created a shadow depending on the location of the sun at any given time of the day and depending on the presence or absence of cloud cover surely must be the slipperiest slope of all in this area of premis-

es liability jurisprudence. A determination whether the location of the dumpster in relation to a parked car created shade which in turn aggravated the naturally existing hazard has no relation to whether the accumulation is natural or artificial; instead, it has relation only to whether Conquistador acted reasonably when it placed the dumpster in close proximity to a parking space. To put the determination as the majority has is to abrogate the natural accumulation rule and replace it with a duty-of-reasonable-care rule.

THOMAS, J., dissenting, with whom GOLDEN, J., joins.

Like Justice Golden, I would affirm the order granting summary judgment that was entered in this case. I join in the dissenting opinion that Justice Golden has authored, but I have some additional views with respect to this case.

To paraphrase an old adage, the question in this appeal is which came first, the dumpster or the snow. The majority opinion correctly notes that Wyoming law requires the Selbys to demonstrate that Conquistador "created or aggravated the hazard." The majority then vacillates between creation of "a condition conducive to the accumulation of ice" and aggravation of "the accumulation of ice around the dumpster" by virtue of its location. The record appears to be silent as to whether any change in the location of the dumpster was made subsequent to the snowfall. The manager's explanation that he could not maneuver his riding tractor into the critical area strongly suggests that the dumpster was not moved following the snowfall.

I cannot perceive how the placement of the dumpster could be said to have created the hazard. To hold that it did would be nothing more than application of the discredited "but for" rule so frequently rejected by this Court. *Kopriva v. Union Pac. R. Co.*, 592 P.2d 711, 712–13 (Wyo.1979); *Lemos v. Madden*, 28 Wyo. 1, 10, 200 P. 791, 793 (1921).

The only available prong of the rule relating to unnatural accumulation of ice or snow would depend upon some act by Conquistador after the snowfall that had the effect of aggravating the hazard resulting from the natural accumulation. I submit that unless the record demonstrates some subsequent act by Conquistador to aggravate the hazard that occurred because of the snowfall, it owed no duty to the Selbys. The Selbys never pointed to anything in the record that demonstrates such conduct, but, in fact, argued in their brief that the disputed issues of fact included questions of the placement of the dumpster and allowing cars to park too closely to it. The essence of this argument is the rejected "but for" rule.

I would affirm the trial court in this case.