2002 WY 113

Catherine A. VALANCE, Personal Representative of the Estate of Jeanne V. Miles, deceased, Appellant (Plaintiff),

v.

VI–DOUG, INCORPORATED, a Wyoming corporation, d/b/a Village Inn Restaurant, Appellee (Defendant).

No. 00–316.

Supreme Court of Wyoming.

July 19, 2002.

Cameron S. Walker of Schwartz, Bon, Walker & Studer, LLC, Casper, WY, Representing Appellant.

Peter S. Dusbabek and Steven G. Greenlee of Montgomery, Kolodny, Amatuzio, Dusbabek & Parker, L.L.P., Fort Collins, CO, Representing Appellee.

Before HILL, C.J.; GOLDEN, LEHMAN,* and KITE, JJ.; and DAN SPANGLER, D.J. (Ret.).

KITE, Justice.

[¶ 1]  Jeanne Miles, age seventy-five, was opening the front door of a restaurant when the wind forcefully caught the door. A sign posted on the door instructed: "Please Hold Door Tight Due to Wind." Mrs. Miles claimed she did what the sign instructed her to do.  The force of the wind on the door caused her to fall onto the concrete walkway, breaking her hip.  In her personal injury action against VI–Doug, Incorporated, a Wyoming corporation doing business as Village Inn Restaurant, Mrs. Miles alleged this event was caused by VI–Doug's failure to provide a reasonably safe entryway for its patrons. VI–Doug moved for summary judgment, contending, just as a restaurant does not owe a

duty to protect its patrons from the effects of natural accumulations of snow and ice on its premises, it does not owe a duty to protect them from the effects of naturally occurring wind on its premises.  In addition to disputing application of the "open-and-obvious-danger" exception in the context of wind, Mrs. Miles contended the sign instructing patrons to tightly hold the door also violated VI–Doug's duty to maintain the restaurant's premises in a reasonably safe condition. Simply stated, Mrs. Miles claimed the sign as worded, if heeded by a patron, created a hazardous condition.

[¶ 2]  The district court ruled, first, that the open-and-obvious-danger exception applies to naturally occurring forces of wind just as it does to natural accumulations of snow and ice.  Secondly, it determined reasonable minds could not differ that VI–Doug did not violate its duty to maintain the premises in a reasonably safe condition for its patrons by placing the sign as worded on the restaurant's front door.

[¶ 3]  Affirming the district court's first ruling, we hold the open-and-obvious-danger exception does apply to naturally occurring forces of wind.  Reversing the district court's second ruling, we hold genuine issues of material fact exist as to whether the sign violated VI–Doug's duty to maintain the restaurant's premises in a reasonably safe condition for its patrons.

## ISSUES

[¶ 4]  Catherine A. Valance, personal representative of the Estate of Jeanne V. Miles (the personal representative),[1] presents the following issues for our review:

1.  Did the district court erroneously revive the absolute defenses of act of God and assumption of risk?

2.  Did the district court err when it held that the open and obvious danger rule eliminates liability for dangers which exist on premises?

---

* Chief Justice at time of oral argument

1.  Mrs. Miles died on April 26, 2001, and the district court appointed Catherine A. Valance as her personal representative to continue with this action.  The Supreme Court entered an order on August 3, 2001, allowing the substitution of Ms. Valance as appellant for Mrs. Miles in this matter.

3. Did the district court err when it determined as a matter of law that a restaurant owner has no responsibility for any hazard or injury involving wind?

4. Did the district court err when it created an "open-and-obvious-natural-accumulation-of-wind" immunity rule; if not, was the incident in question really a "natural accumulation of wind" case when the record shows that manmade objects, such as a door and a building, were intimately involved in the injury?

5. Did the district court err when it ruled that a restaurant owner has no duty to guard against wind-related injuries on its premises?

6. Did the district court err in holding as a matter of law that no reasonable juror could find that a danger was created by a sign which instructed customers to bind themselves to a powerful wind blown door?

7. Did the district court err when it ruled that restaurant owners have no duty [to] minimize dangers created by the effect of wind on the doors of their premises?

8. Did the district court err in determining that [there] were no disputed issues of material fact?

9. Did the district court err in granting summary judgment against the plaintiff?

VI–Doug phrases the issues as:

1. Did the district court properly rule as a matter of law that VI–Doug, Incorporated had no duty to protect Ms. Miles against harm caused by the wind?

2. Did the district court properly rule as a matter of law that VI–Doug did not breach any duty by placing a sign on or near the door of its restaurant which stated "Please hold door tight due to wind["?]

## FACTS

[¶ 5] We view the record on appeal in the light most favorable to Mrs. Miles who opposed VI–Doug's motion for summary judgment, affording her all the favorable inferences which can be drawn from the record. On March 5, 1999, Mrs. Miles went to the Village Inn Restaurant in Douglas with her grandson. She recalled that it was a terribly windy day. Her grandson let her off in front of the entrance to the restaurant, and he parked the car. Mrs. Miles testified she saw a sign posted on the door instructing patrons to hold the door tightly due to possible high winds. She maintained she followed the sign's directions and held on tightly to the door. Mrs. Miles claimed that, as she opened the door, a strong gust of wind caught it and caused her to fall to the ground. As a result of her fall, she suffered a broken hip that required surgery. The owner of VI–Doug testified that, three or four months prior to Mrs. Miles' accident, another woman was slightly injured under very similar circumstances. Subsequent to this incident, VI–Doug sought bids to construct an effective windbreak although one was not constructed until after Mrs. Miles was injured.

[¶ 6] Mrs. Miles alleged VI–Doug was negligent in failing to provide a reasonably safe entry for its patrons and claimed damages for her resulting severe physical injuries. On October 16, 2000, the district court granted VI–Doug's motion for summary judgment concluding the same policy reasons that support the open-and-obvious-danger exception and the natural-accumulation-of-ice-and-snow rule, which immunize defendants from liability, applied equally to wind. The district court also concluded the wind that caused Mrs. Miles' injuries was naturally occurring. It granted summary judgment because (1) VI–Doug had no duty to protect Mrs. Miles from harm inflicted by the wind and (2) VI–Doug's placement of the sign on the restaurant's front door did not violate its duty to maintain a reasonably safe premises. This appeal followed.

## STANDARD OF REVIEW

[¶ 7]

Summary judgment is proper, even in negligence cases, when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. When we review a motion for summary judgment, we view the record on appeal in the light most favorable to the party opposing the motion and accept all

favorable inferences that can be drawn from the record in favor of that party. *Paulson v. Andicoechea*, 926 P.2d 955, 957 (Wyo.1996) (citations omitted). "Summary judgment is not favored in negligence actions and is subject to more exacting scrutiny. However, even in negligence actions, summary judgment may be appropriate, especially if a plaintiff cannot establish the existence of a duty on the part of a defendant." *Duncan v. Town of Jackson*, 903 P.2d 548, 551 (Wyo.1995) (citations omitted); *see also McCoy v. Crook County Sheriff's Department*, 987 P.2d 674, 676 (Wyo.1999). Consequently, to prevail on her negligence claim, Mrs. Miles had to show VI–Doug owed her a duty of care. *Selby v. Conquistador Apartments, Ltd.*, 990 P.2d 491, 495 (Wyo.1999); *Halpern v. Wheeldon*, 890 P.2d 562, 565 (Wyo.1995).

## DISCUSSION

[¶ 8] The elements a plaintiff must establish to maintain a negligence action are: (1) The defendant owed the plaintiff a duty to conform to a specified standard of care, (2) the defendant breached the duty of care, (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff, and (4) the injury sustained by the plaintiff is compensable by money damages. *Board of County Commissioners of Teton County by Teton County Sheriff's Department v. Bassett*, 8 P.3d 1079, 1086 (Wyo. 2000). In this case, we are required to address the first element: whether a duty exists. The application of the natural accumulation rule and the open-and-obvious-danger exception determines whether the defendant has a duty. *Selby*, 990 P.2d at 494. This is a question of law that the courts normally determine. *Id.* We have, however, recognized that in certain instances the question of the existence of a duty hinges upon the initial determination of certain basic facts and, in those circumstances, the initial determination of those basic facts is properly placed before the trier of fact. *Id.*

[¶ 9] "As a general rule, a possessor of land owes a duty to his business invitees to maintain his premises in a reasonably safe condition." *Eiselein v. K–Mart, Inc.*, 868

P.2d 893, 895 (Wyo.1994). VI–Doug, as the possessor of land in this case, relies on the recognized open-and-obvious-danger exception and posits that wind is like a natural accumulation of ice or snow in that it is a force of nature, an element of weather, and a naturally occurring phenomenon which a business invitee encounters off the business premises as well as when entering the business premises. The issues in this appeal are whether the natural accumulation rule and the open-and-obvious-danger exception are applicable to injuries resulting from naturally occurring wind and, if so, whether VI–Doug created a hazard on the restaurant's premises by posting a sign on its door directing patrons to take specific action when they encountered the natural effect of the wind on the restaurant's door.

[¶ 10] It is important to note that one of the underlying principles of the natural accumulation rule is that the dangers of natural accumulations are obvious; thus, the open-and-obvious-danger exception is contained within, and is part and parcel of, the natural accumulation rule. *Paulson*, 926 P.2d at 957. With this understanding in mind, we first address the personal representative's argument that the open-and-obvious-danger exception was abrogated in *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wyo.1985). Her reliance on *O'Donnell* for this proposition is without merit. In that case, we discussed the viability of the exception in light of the adoption of comparative negligence. Mr. O'Donnell operated a motorcycle and encountered an accumulation of gravel remaining on the street from a resurfacing project performed by the City of Casper. We distinguished the facts in *O'Donnell*, an instance of injuries arising from a man-made cause, where the city placed gravel on the street and allowed it to accumulate in ridges and piles, from instances in which liability arises from natural causes. Subsequently, in *Eiselein*, we explained the effect of this distinction: "[In *O'Donnell*, w]e did not conclude ... the comparative negligence statute completely abrogated the rule; rather, we indicated it modified the known and obvious danger rule, restricting its application to known and obvious dangers resulting from

natural causes." 868 P.2d at 895. Rather than suggesting abrogation of the exception, our decisions since *O'Donnell* specifically confirm that, once it is determined the defendant owes a duty of care, the trier of fact may consider the open-and-obvious nature of a danger to determine a plaintiff's percentage of negligence. *See Eiselein,* 868 P.2d at 895–97. Stated another way, a defendant may present evidence of a plaintiff's negligence in order to reduce damages; however, this in no way defines or affects the scope of the defendant's initial duty.

> "The adoption of comparative negligence ... does not abrogate the necessity of an initial finding that the premises owner owed a duty to invitees. Moreover, we find that the duty element and the comparative negligence standard are fundamentally exclusive—two doctrines to be utilized at different junctures in the determination of liability in a negligence cause of action."

*Eiselein,* 868 P.2d at 896 (quoting *Riddle v. McLouth Steel Products Corporation,* 440 Mich. 85, 485 N.W.2d 676, 681 (1992)). The court in the first instance must determine whether the defendant owed a duty of care as a matter of law or owed no duty because the danger was open and obvious and was not aggravated by the defendant. On the other hand, the court could conclude the question of duty—whether the danger was open and obvious or aggravated—hinges upon the determination of certain basic facts which must first be considered by the trier of fact.

▮ [¶ 11] In this case, the district court concluded the same policy reasons exist for the element of wind as exist for the elements of ice and snow.

> The justification for the natural-accumulation rule comports with the factors to be considered in determining the existence of a duty. The magnitude of the burden on defendant to prevent injuries from snow or ice is great. . . . [N]atural winter conditions make it impossible to prevent all accidents. The plaintiff is in a much better position to prevent injuries from ice or snow because the plaintiff can take precautions at the very moment the conditions are encountered. Even if the plaintiff is unaware of

the ice or snow he happens to slip on, he may be charged with knowledge that ice or snow is a common hazard in winter, one which he must consistently guard against.

*Eiselein,* 868 P.2d at 897–98; *see also Selby,* 990 P.2d at 494. Therefore, the rules should naturally be extended to include the natural effect of the wind:

> "[A] proprietor is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition. The conditions created by the elements, such as the forming of ice and falling of snow, are universally known and there is no liability where the danger is obvious or is as well known to the plaintiff as the property owner." *Bluejacket [v. Carney,* 550 P.2d 494], at 497 [ (Wyo.1976) ]. The rationale underlying this rule is that "in a climate where there are frequent snowstorms and sudden changes of temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction; consequently, the danger from ice and snow in such locations is an obvious one, and the occupier of the premises may expect that an invitee on his premises will discover and realize the danger and protect himself against it." 62A Am.Jur.2d *Premises Liability* § 699 (1990).

*Paulson,* 926 P.2d at 957.

▮ [¶ 12] We agree with the district court's statement:

> Anyone who has ever lived anywhere in Wyoming knows that the wind and its potential severity are just as natural as the accumulation of ice and snow. The wind is an open and obvious danger. Probably the most common manifestation of that danger is in the opening of doors. The same policy reasons for the existence of the obvious danger rule and the natural accumulation rule apply equally to wind[.]

We conclude the terms of naturally occurring forces such as ice, snow, and wind can be used interchangeably in this court's social policy analysis. In general, the possibility of a sudden gust of wind, particularly in Wyoming, is an obvious danger foreseeable to

anyone. A plaintiff is in a superior position to protect against hazards caused by wind at the moment it is encountered. A proprietor does not owe a duty of care to invitees to prevent the natural consequences of wind on his premises where he has not created or aggravated the naturally existing condition.

[¶ 13] However, a proprietor's affirmative action in dealing with a force of nature, such as wind, may alter the situation and give rise to the existence of a duty of care. In such an instance, the equities shift. The proprietor owes a duty to his business invitees to maintain his premises in a reasonably safe condition. *Mostert v. CBL & Associates,* 741 P.2d 1090, 1098 (Wyo.1987). "If the defendant creates the hazard, then it is within the defendant's control and he is in a better position to foresee and prevent injuries resulting from the hazard." *Selby,* 990 P.2d at 494. In this case, the issue remains, whether the proprietor's action of placing a sign on the door instructing specific action by customers altered the situation. The district court phrased and answered the issue as follows: "Simply stated, could a reasonable jury find that the Defendant acted negligently by placing a sign on its front door that said 'Please Hold Door Tight Due to Wind'? This Court finds that no reasonable jury could find that such a sign created a hazard." So stated, the district court correctly recognized VI–Doug's duty to its invitees to maintain the restaurant's premises in a reasonably safe condition. The district court also properly recognized that whether the sign created a hazardous condition was a jury question; however, it then decided reasonable minds could not differ that the sign did not violate the applicable duty of care. It is that ruling which we now review.

[¶ 14] VI–Doug maintains the posted sign did not cause Mrs. Miles to act any differently than she normally would have. However, such a statement is not an accurate characterization of her deposition testimony. Mrs. Miles' exact testimony was as follows:

Q. You mentioned having seen the sign—

A. Yes.

Q. —on the door.

A. Yes.

Q. Did that cause you to do something that you normally wouldn't do?

A. No, because I had seen that sign before.

An appropriate question for determination by the finder of fact is whether, in the absence of the sign directing Mrs. Miles to hold the door tightly, she independently would have acted to hold on tightly to the door. If, however, she held on tightly because she was simply following the directions provided, the finder of fact must determine whether following those directions increased the risk of injury. The question whether a hazardous condition was created when VI–Doug placed the sign on the door directing patrons to take specific action is one of basic fact which the trier of fact must determine.

[¶ 15] The general rule is that one who voluntarily assumes a duty must perform the duty with reasonable care.

A person who gratuitously undertakes to warn someone of a dangerous condition must use reasonable care in making the warning, but that person is not subject to liability unless a failure to exercise reasonable care increases the risk of harm to those he is trying to aid, or if harm is suffered because of another's reliance on the undertaking.

57A Am.Jur.2d *Negligence* § 384 at 380 (1989). In *Codd v. Stevens Pass, Inc.,* 45 Wash.App. 393, 725 P.2d 1008, 1010 (1986), the decedent caught his ski tips on a mogul and plummeted head first into another mogul, likely hitting his head on a snow covered rock. The appellant maintained the ski operator negligently warned the decedent when it sectioned off a jump downhill from the accident site because the warning gave skiers the impression the accident area had been inspected for hazards. The Washington Court of Appeals found a triable issue of fact and stated: "One who attempts, albeit gratuitously, to warn a person in danger must do so with reasonable care. If his failure to exercise such care results in an increased risk of harm, he is liable for any physical damage which the reliance causes." 725 P.2d at 1014. Although *Codd* involved a dissimilar factual situation, we believe adherence to the princi-

ples reviewed in that case and in 57A Am. Jur.2d *Negligence, supra,* is appropriate. When those principles are applied, a triable issue of fact exists in this case.

[¶ 16]   We conclude material facts are at issue with regard to whether VI–Doug maintained the restaurant's premises in a reasonably safe condition which preclude disposing of this matter by summary judgment.   A jury must determine whether VI–Doug (1) created a hazardous situation by directing patrons to take specific action; (2) knew or should have known the directions given could create a hazard to patrons; and, finally, (3) by giving directions, created a hazardous condition substantially more dangerous than it would have been in the absence of the directions.   Therefore, this case must be submitted to a jury.

[¶ 17]   Affirmed in part, reversed in part, and remanded.

SPANGLER, District Judge (Retired), concurring in part and dissenting in part.

[¶ 18]   I agree that the summary judgment should be reversed.   I do not agree that the issue on remand should be whether VI–Doug is liable for gratuitously posting an allegedly unsafe warning.

[¶ 19]   The issue of property owner liability has produced a series of irreconcilable decisions in Wyoming.   This is partly due to the application of two rules that are not in the public interest.   The first rule is that the owner or occupier of the premises has no obligation to protect invitees against open and obvious dangers.   The second rule is that owners and occupiers are not liable for injuries caused by natural accumulations of ice and snow.   The case of *O'Donnell v. City of Casper,* 696 P.2d 1278 (Wyo.1985), limited the open-and-obvious-danger rule to situations where the danger results from the natural accumulation of ice and snow.

[¶ 20]   The open-and-obvious-danger rule is contrary to Wyoming's comparative negligence law.   The effect of the rule is to dismiss the case when the plaintiff may be negligent, without comparing the negligence of the actors.

[¶ 21]   The majority opinion incorrectly says that the open-and-obvious-danger rule has nothing to do with negligence but defines the duty owed by a defendant to a plaintiff. It is an essential element in all tort causes of action that the defendant owes a duty to the plaintiff.   The duty is that of the defendant to the class occupied by the plaintiff, as in the duty owed by a doctor to his or her patient.   The duty element in this case was correctly defined earlier in the majority opinion: "As a general rule, a possessor of land owes a duty to his business invitees to maintain his premises in a reasonably safe condition."   *Eiselein v. K–Mart, Inc.,* 868 P.2d 893, 895 (Wyo.1994).   There is no issue about duty in this case.

[¶ 22]   The open-and-obvious-danger and snow-and-ice rules are about negligence, not about duty.   One rule says that the personal representative is barred from recovery because of Mrs. Miles' negligent conduct in unreasonably proceeding in the face of an open and obvious danger.   The other rule says that VI–Doug is not negligent because it cannot reasonably be expected to remove snow and ice from its premises.

[¶ 23]   The rules are contrary to public policy.   They discourage property owners from removing or mitigating dangerous conditions.   If the owner lets snow and ice accumulate, he is not liable.   But if he attempts to remove it, he loses his immunity.

[¶ 24]   The ruling in this case demonstrates the policy shortcomings.   The case against VI–Doug continues only because it placed an informational or warning sign on the door.   The personal representative apparently is precluded from raising what could be a much more important allegation, which is that VI–Doug allowed the door to blow dangerously in the wind for an extended time.

[¶ 25]   Application of these rules has produced decisions which cannot be reconciled. The majority opinion in this case says that walking in the front door of a Village Inn Restaurant is to proceed in the face of an open and obvious danger.   But in the *O'Donnell* case, the court did not find that there was an open and obvious danger in driving a

motorcycle on a street covered with piles of loose gravel.

[¶ 26]   Similarly, the cases of *Eiselein,* 868 P.2d 893, and *Selby v. Conquistador Apartments, Ltd.,* 990 P.2d 491 (Wyo.1999), involved plaintiffs slipping and falling on snow and ice in parking lots.   The *Eiselein* case was dismissed even though there were indentations in the paving.   The *Selby* case survived only because there was a dumpster on the parking lot.

[¶ 27]   From this experience, we can see that one of the difficulties in applying these rules is in defining a "natural" condition. Are wind, ice, and snow "natural" once they have landed on a parking lot or are battering a doorway?

[¶ 28]   We should abrogate the "open-and-obvious-danger" and "snow-and-ice" rules. Instead, a plaintiff's cause of action in all cases against owners and occupiers of property, including landlord and tenant cases, should consist of the following elements: (1) The plaintiff was lawfully on the premises; (2) there was an unreasonably dangerous condition on the property; (3) the owner or possessor knew of the dangerous condition or should have known through the exercise of reasonable diligence; (4) the owner or possessor did not take reasonable action to mitigate or remove the danger; and, (5) as a result, the plaintiff suffered legally compensable injuries.