2004 WY 67

**DOWNTOWN AUTO PARTS, INC.; and Marie K. Nelson, a/k/a/ Katie Nelson, Appellants (Defendants),**

v.

**Rachel N. TONER, Appellee (Plaintiff).**

No. 03–176.

Supreme Court of Wyoming.

June 15, 2004.

Representing Appellants: Peter K. Michael, Cheyenne, Wyoming.

Representing Appellee: Jay A. Gilbertz of Yonkee & Toner, LLP, Sheridan, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] The sole issue presented is whether the trial court properly relied on ordinary negligence principles to determine the existence of duty in this vehicle and pedestrian collision case. The employee driver, Marie K. Nelson (Nelson), for Appellant Downtown Auto Parts, Inc., (Downtown) struck and injured Rachel N. Toner (Toner) as she attempted to cross a street. Following a bench trial, the trial court applied comparative fault principles, determined that both parties were negligent, but Downtown's greater fault entitled Toner to money damages. In this appeal, Downtown contends that the trial court erred as a matter of law in ruling that Nelson owed a duty to Toner under the "sudden appearance" rule of law.

[¶ 2] We hold that the trial court's ruling that Nelson owed a duty to Toner which she had breached, causing damages, was not clearly erroneous. We affirm.

## ISSUE

[¶ 3] Downtown presents this issue for our review:

1. Whether an automobile driver can be at fault for a collision with a pedestrian when the driver was complying with all traffic statutes and ordinances immediately before the collision and the pedestrian appeared suddenly from a hidden location behind an obstruction.

Toner contends that the issue properly before us is:

Was there sufficient evidence for the trial court to conclude that the defendant was negligent?

## FACTS

[¶ 4] On the morning of September 28, 1998, Toner, a graduate student at the University of Wyoming, was given a ride to class by a friend. No curbside parking was available, and the friend double-parked his van in the westbound lane of Lewis Street, which is adjacent to the University. Toner had to walk in front of the friend's van and across Lewis Street without using a crosswalk in order to reach her destination at the Geology Building. An oncoming vehicle stopped and gave Toner the right-of-way. The Downtown Auto Parts delivery vehicle driven by Nelson approached the van from the rear, drove around the double-parked van, accelerating as it passed, and struck Toner just as she stepped out into the street. Toner sustained serious damage to her left knee which required surgery and extensive treatment afterwards. The parties did not dispute that Nelson was acting within the scope of her employment and, after a bench trial, the trial court issued a decision letter stating its general findings and apportioning sixty percent of fault to Downtown and forty percent of fault to Toner. Under Wyoming's comparative fault laws, Downtown was responsible for sixty percent of the damages, and judgment was entered accordingly. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 5] Our standard of review when a trial is held before the bench, rather than a jury, is:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531, 538 (Wyo.1993). While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. *Id.* Due regard is given to the

opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail weighing disputed evidence. *Id.* Findings of fact will not be set aside unless the findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.* We review a district court's conclusions of law *de novo* on appeal. *Id.*

*Saulcy Land Co. v. Jones,* 983 P.2d 1200, 1203 (Wyo.1999).

### Duty to Pedestrian

[¶ 6] After carefully examining the evidence, the trial court as fact finder concluded that Nelson had breached a duty owed to pedestrians by failing to determine if pedestrians were present as she passed a parked van despite her knowledge that the Lewis Street area had a great deal of pedestrian traffic. The trial court also concluded that Toner negligently failed to look to her left before crossing the street. Because Nelson had the capability of causing great harm in her automobile and could have avoided the hazard with only minimal caution, the trial court found that Nelson's fault was greater than Toner's. In its decision letter, the trial court quoted the following passage from *Feltner v. Bishop,* 348 P.2d 548 (Wyo.1960):

We are fully aware of the soundness of the general rule that the operator of an automobile cannot assume that the road is clear and that under all circumstances and at all times an operator is bound to anticipate that persons may be met at any point in a public way, whether street, road or highway. We also feel this duty becomes more strict when the presence of persons upon streets or highways actually exists or becomes more probable. On the other hand, the limit of the operator's duty when lawfully driving is to exercise a diligence commensurate with hazards disclosed under surrounding circumstances, and the lookout which operators of vehicles must maintain is that most effective in the light of all present conditions and those reasonably to be anticipated.

We also recognize that the existing circumstances surrounding an accident bear largely upon the question of an automobile operator's negligence....

*Id.* at 549–50 (citations omitted).

[¶ 7] Downtown contends that the trial court misapplied *Feltner.* It argues that *Feltner* stands for the "sudden appearance rule" which posits that a driver, as a matter of law, has no duty to anticipate a pedestrian's sudden appearance from behind a parked automobile. *See Feltner,* at 550–51. In this case, Downtown contends that because the trial court found that Nelson had obeyed all traffic laws as she attempted to pass the van and because Toner appeared suddenly from a hidden location, Nelson owed no duty to Toner. Toner contends that this simple case requires application of ordinary negligence principles and apportionment of fault, both factual determinations.

[¶ 8] There are four elements to a negligence cause of action: (1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff; and (4) the injury sustained by the plaintiff is compensable by money damages. *Valance v. VI-Doug, Inc.,* 2002 WY 113, ¶ 8, 50 P.3d 697, ¶ 8 (Wyo.2002). Whether a duty exists is a question of law for the court and may arise based upon common law, contract or statute. *Id.; Natrona County v. Blake,* 2003 WY 170, ¶ 6, 81 P.3d 948, ¶ 6 (Wyo.2003). However, when the question of duty depends upon the initial determination of certain basic facts, that initial determination is a question of fact for the fact-finder. *Valance,* ¶ 8. In vehicle and pedestrian collision cases, the common law duty on the basis of ordinary negligence principles states that a driver owes a duty to exercise the degree of care required of a reasonable person in light of all the circumstances. *Fegler v. Brodie,* 574 P.2d 751, 755 (Wyo.1978).

[¶ 9] In *Feltner,* the driver struck a toddler who darted in front of her from diagonally parked vehicles. *Feltner,* 348 P.2d at 549. After trial to the court, judg-

ment was in favor of the driver, and that decision was upheld on appeal. *Id.* at 553. *Feltner* noted that the "sudden appearance" of the child in front of the vehicle was a circumstance supported by evidence permitting the trier of fact to decide that the driver had not been negligent. In other words, the "sudden appearance" of the child was a circumstance to be considered under ordinary negligence principles by the trier of fact. *Id.* at 550. Our review of the trial court's decision in this case indicates that the reason for Nelson's failure to see Toner was the primary issue in the case. As a driver, Nelson owed a duty of reasonable care under the circumstances. Under the common law duty and our standard that all circumstances are to be considered, Nelson is not relieved of a duty to pedestrians because she has complied with traffic laws or because a pedestrian's sudden appearance left her only an instant to avoid an accident. Nelson's duty of reasonable care required the trier of fact to consider that Nelson did not violate traffic laws, Toner's sudden appearance, as well as whether it was reasonable for Nelson to pass a double parked van at the speed she did when oncoming traffic had stopped in an area known to have a high volume of pedestrians. The trial court's finding that Nelson should have foreseen the presence of pedestrians in this particular situation is not clearly erroneous, and we find no error and affirm the judgment of the trial court.