**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THERESIA RENEE BREEN, a citizen and
resident of Wyoming,

     Plaintiff – Appellant,

v.

DORCY RUSSELL PRUTER, a citizen
and resident of California; DORCY INC., a
North Carolina corporation with its
principal place of business in California,

     Defendants – Appellees.

No. 15-8132
(D.C. No. 1:14-CV-00081-NDF)
(D. Wyoming)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

## I.  INTRODUCTION

Theresia Renee Breen sued Dorcy Russell Pruter and Ms. Pruter's company,

Dorcy, Inc., alleging twenty causes of action arising out of Ms. Pruter's services as a

"life coach." The district court granted summary judgment and judgment as a matter

of law on seventeen of the causes of action, after which a jury found against

Ms. Breen on the three remaining claims. Ms. Breen appeals four of the district

court's decisions made at various points in the litigation. We affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## II.     BACKGROUND

### A.     *Factual History*

For several years, Ms. Breen and her ex-husband had been involved in a highly contentious child custody dispute. In 2012, the Wyoming state court in which the case was pending ordered Ms. Breen to enroll in a "Conscious Co-Parenting" class, designed—but not taught—by Ms. Pruter. At the end of the class, Ms. Breen's instructor recommended that she contact Ms. Pruter for continuing life coaching and consulting services. On or around May 9, 2013, Ms. Pruter began coaching Ms. Breen. Although Ms. Pruter is not a lawyer or a psychologist, she claimed to be the "team leader" of a group of lawyers, psychologists, and paralegals. Ms. Pruter also agreed to organize evidence from Ms. Breen's child custody dispute into digital timelines using a third-party service provider. On May 22, 2013, Ms. Breen paid Ms. Pruter $3,500 to cover the cost of setting up this service.

On July 29, 2013, the parties entered into a Consulting Agreement, wherein Ms. Pruter agreed to provide "consulting services to compile evidence, create timelines, and write scripts to provide to [Ms. Breen's] legal team" for assistance with her child custody case. Because the initial $3,500 had been exhausted, the parties agreed that Ms. Pruter would receive twenty percent of any settlement, payout, court award, and/or any other money received from a court proceeding related to the child custody dispute. Additionally, Ms. Breen granted Ms. Pruter the rights to her life story, including "the right to use, depict, portray, impersonate, and represent, in whole or in part, [Ms.] Breen's life and all episodes, exploits, events,

2

incidents, personal experiences, and situations which occurred before or after signing the agreement."

## B.  Procedural History

On April 17, 2014, Ms. Breen filed a complaint in the United States District Court for the District of Wyoming against Ms. Pruter and Dorcy Inc. (collectively, Ms. Pruter) alleging twenty causes of action. These claims included contract rescission, trespass to chattels, intentional infliction of emotional distress, fraud, negligent misrepresentation, negligence per se, and a claim for violation of the California Consumer Legal Remedies Act (CLRA).[1] Ms. Pruter counterclaimed for breach of contract or, in the alternative, unjust enrichment.

Ms. Pruter then filed a Federal Rule of Civil Procedure 12(c) motion for partial judgment on the pleadings with respect to the CLRA claim, based on lack of personal jurisdiction and inadequate notice. Because both parties had submitted materials outside the pleadings, the district court converted the motion to dismiss to a motion for summary judgment under Rule 56. The district court denied Ms. Pruter's jurisdictional arguments, but granted the motion on the ground that Ms. Breen had failed to comply with the Act's notice requirements. And it dismissed the CLRA claim with prejudice.

---

[1] Additionally, Ms. Breen moved for a preliminary injunction demanding that Ms. Pruter turn over Ms. Breen's evidence. The parties stipulated to an order directing the return of the evidence, and Ms. Pruter complied. The parties do not appeal the preliminary injunction stipulation, but it is relevant to the CLRA claim, as discussed below.

Ms. Breen filed a Rule 59(e) motion to amend or alter the order, arguing the court clearly erred in finding she had violated the CLRA's notice requirements. In the alternative, Ms. Breen asserted that even if the court was correct that she had failed to give thirty days' notice before seeking damages, it erred in dismissing the CLRA claim with prejudice. The court denied the motion.

Thereafter, Ms. Pruter moved for summary judgment on the remaining claims. At oral argument on the summary judgment motion, Ms. Breen conceded judgment on the first six counts of her complaint which sought contract rescission, and Ms. Pruter withdrew her unjust enrichment counterclaim. The district court granted summary judgment on all but four of Ms. Breen's remaining claims. Relevant to this appeal, the court dismissed Ms. Breen's negligence per se claims, concluding that the pleaded statutes did not create a duty to Ms. Breen.

The day the district court entered its order, Ms. Breen filed a motion to amend her complaint to include a count of "simple negligence." The district court denied the motion on the dual grounds of undue delay and unfair prejudice.

The case then proceeded to trial on the four remaining claims: intentional infliction of emotional distress, trespass to chattels, common-law fraud, and negligent misrepresentation. After presentation of the evidence, the district court granted judgment as a matter of law on Ms. Breen's trespass to chattels claim and on Ms. Pruter's breach of contract counterclaim. The court submitted the three remaining claims to the jury, and the jury returned a verdict in favor of Ms. Pruter.

4

Ms. Breen then filed a motion for a new trial, arguing the district court had committed four evidentiary errors: (1) excluding the books Ms. Pruter allegedly plagiarized; (2) allowing Ms. Pruter's witness, Dr. Childress, to testify on Ms. Pruter's expertise; (3) excluding Ms. Breen's testimony regarding a potential real estate transaction with which Ms. Pruter allegedly interfered; and (4) excluding two exhibits containing email and text messages between Ms. Breen and Ms. Pruter. The court found "that none of these alleged errors justify a new trial in this case," and it denied the motion. Ms. Breen appeals. We have jurisdiction under 28 U.S.C. § 1291.

### III.    DISCUSSION

Ms. Breen alleges the district court erred by: (1) dismissing the CLRA claim with prejudice, (2) dismissing the negligence per se claims, (3) denying leave to amend the complaint to add simple negligence, and (4) refusing to grant a new trial based on alleged evidentiary errors. We address each of these issues in turn.

#### A.    *The District Court Did Not Err in Dismissing the CLRA Claim with Prejudice.*

Ms. Breen asserts the district court erred in concluding she failed to comply with the notice provisions of the CLRA and that, even if this was not error, the district court should not have dismissed the CLRA claim with prejudice. We review a district court's grant of summary judgment de novo. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 (10th Cir. 2016). We are not "limited to the grounds relied upon by the trial court but may uphold summary judgment on conclusions of law supported by the record." *City of Wichita, Kan. v. Sw. Bell Tel. Co.*, 24 F.3d 1282, 1286 (10th Cir. 1994).

5

"[S]tate courts are the final arbiters of state law." *United States v. DeGasso*, 369 F.3d 1139, 1145 (10th Cir. 2004). Thus, a federal court must apply a state statute in accordance with the approach adopted by the state's highest court. *Rael v. Sullivan*, 918 F.2d 874, 877 (10th Cir. 1990). But where the state's highest court has not interpreted the relevant provision, the federal court "must predict how the court would interpret the code in light of state appellate court opinions, decisions from other jurisdictions, statutes, and treatises." *DeGasso*, 369 F.3d at 1145 (internal quotation marks omitted).

In analyzing the district court's resolution of Ms. Breen's CLRA claim, we first discuss the statute's notice provisions and then explain the actions taken by Ms. Breen to comply with them. Next, we examine the allegations in Ms. Breen's complaint and the conflicting authority on whether she seeks "damages." Ultimately, we conclude the district court did not err in determining that Ms. Breen inappropriately commenced an action for damages without proper notice. And we also conclude the district court did not abuse its discretion by dismissing the CLRA claim with prejudice.

## 1. The CLRA

The California Legislature adopted the CLRA to provide "a non-exclusive statutory remedy for 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.'" *Gallin v. Superior Court*, 281 Cal. Rptr. 304, 306 (Cal. Ct. App. 1991) (citation omitted); Cal. Civ. Code

6

§ 1770(a). Consumers who have suffered "any damage" resulting from unfair or deceptive methods, acts, or practices, may bring an action to obtain actual damages, an injunction, restitution of property, or "[a]ny other relief that the court deems proper." *Id.* § 1780(a).

But "[t]hirty days or more prior to the commencement of an action for damages," the consumer must provide written notice to the person alleged to have violated the statute, demanding that the person "correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of" the CLRA. *Id.* § 1782(a). If, within thirty days of defendant's receipt of the notice required under §1782(a), the defendant gives—or agrees to give within a reasonable time—"an appropriate correction, repair, replacement, or other remedy," the consumer may not maintain any claim for damages. *Id.* § 1782(b). If the lawsuit seeks "injunctive relief" only, however, the consumer need not provide notice before filing suit. *Id.* § 1782(d). Instead, the consumer may file a complaint seeking only injunctive relief, send notice of a claim for damages at a later date, and then, after waiting at least thirty days from the date of that notice, "amend his or her complaint without leave of court to include a request for damages." *Id.* But § 1782(b) bars the consumer's right to maintain any claim for damages if the defendant appropriately remediates the harms alleged in the notice. *Id.*

Here, on April 15, 2014, Ms. Breen mailed Ms. Pruter a § 1782(a) notice,[2] which stated:

> In accordance with Cal. Civ. Code § 1782(a)(2), I demand that you, within thirty days, "correct, repair, replace, or otherwise rectify the services I have alleged to be in violation of Section 1770." How you propose to go about this is between you and your counsel, but would include, at a minimum, turning over all [of Ms. Breen's] evidence without compensation . . . .[3]

Two days later, Ms. Breen filed her complaint, which included a CLRA claim in which she alleged she was "entitled to an injunction enjoining [Ms. Pruter's] unlawful actions and ordering the restitution of [Ms. Breen's] property." She also asked for attorney's fees and costs under the CLRA. Ms. Breen explained in her complaint that she had sent notice on April 15th as required by § 1782(a) and further stated that she "reserve[d] her right under § 1782(d) to amend her Complaint to include monetary damages, if [Ms. Pruter] fails to correct her actions within thirty days of the date of said notice."

---

[2] Ms. Breen indicates in the letter, and later in her complaint, that this April 15, 2014, letter is a § 1782(a) notice letter under the CLRA.

[3] Ms. Breen also requested that Ms. Pruter "mak[e] a reasonable proposal for compensation for the clerical work of tagging evidence and inputting it into databases." The record is unclear whether Ms. Pruter complied with this request but, regardless, Ms. Breen contends on appeal that she "sought only return of tangible personal property she gave Pruter (evidentiary material) . . . . Breen didn't seek, nor did Pruter pay back, any money Breen gave her." Ms. Breen additionally alleges "[t]he property Breen sought to recover was evidence she gave Pruter, not money." Thus, the only relief Ms. Breen sought in her first § 1782(a) notice letter was the return of the evidence.

8

On May 15, 2014, thirty days after Ms. Breen mailed the § 1782(a) notice, Ms. Pruter turned over all of the evidence requested by Ms. Breen.[4] Over a month later, on June 18, 2014, Ms. Breen sent a second § 1782(a) notice letter demanding—for the first time—that Ms. Pruter "pay damages for the harm" she caused Ms. Breen, and stating Ms. Breen "would consider this dispute corrected or otherwise rectified in exchange for a cash payment . . . in the amount of 3.5 million dollars."

On July 18, 2014, Ms. Pruter filed a motion for partial judgment on the pleadings with respect to the CLRA claim. At that time, Ms. Breen had not moved to amend the complaint to include a demand for monetary damages as indicated in her second § 1782(a) notice letter. The district court converted the motion for judgment on the pleadings to one for summary judgment, and allowed the parties to submit additional briefing. In Ms. Breen's submission to the court, she stated: "[T]he CLRA claim is, and mostly has been, about damages caused by [Ms. Pruter] that cannot be remediated except in money, but the statute requires a formal exhaustion process before money damages can be sought."

The district court granted summary judgment in favor of Ms. Pruter, in part because the court concluded Ms. Breen's "real [CLRA] claim is a claim for damages." The court further found, however, that Ms. Breen had already received remediation because Ms. Pruter "provided all the requested documents" Ms. Breen

_____

[4] Ms. Pruter turned over the evidence after the parties entered into a stipulated consent decree on Ms. Breen's motion and memorandum for preliminary injunction, in which Ms. Breen requested, inter alia, an order requiring Ms. Pruter to turn over all of Ms. Breen's evidence.

sought. Because there was no other relief besides monetary damages that Ms. Breen could still plausibly be seeking, the court concluded Ms. Breen violated § 1782(a)'s notice requirement by improperly pleading damages in her complaint.

2. **The Complaint Sought Relief in Violation of the CLRA Notice Requirements.**

As discussed, California Civil Code § 1782(a) provides that at least thirty days before a consumer may bring an action to recover damages, she must provide notice of the alleged violation and demand that the defendant "correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation" of the CLRA. Here, Ms. Breen filed her complaint only two days after the first § 1782(a) notice. Thus, if Ms. Breen sought in her complaint to recover "damages," then she violated the CLRA.

Ms. Breen first sought under the CLRA count of her complaint an order enjoining Ms. Pruter's unlawful practices. This is expressly permitted prior to statutory notice. *See id.* § 1782(d) ("An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with [the § 1782(a) notice requirement]."); *see also Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 301 (Cal. 2009). Ms. Breen also requested in the CLRA claim of her complaint an injunction "ordering the restitution of [Ms. Breen's] property." She argues this request is properly treated as injunctive relief available prior to statutory notice. But Ms. Breen does not argue in her opening brief that her complaint asks only for an injunction, not restitution. In her reply brief, she argues for the first time that her

complaint's request for "non-monetary restitution is essentially an injunction." She has waived that argument. *Hill v. Kemp*, 478 F.3d 1236, 1250 (10th Cir. 2007).

Ms. Pruter contends the complaint seeks restitution under the CLRA claim, which is barred without prior notice. The statute is less than clear on whether restitution can be sought only after notice.

To be sure, the CLRA classifies restitution and injunctive relief as separate categories of recovery available under the statute. A consumer who suffers "any damage" as a result of a violation of the CLRA may bring an action to recover or obtain any of the following:

> (1) Actual damages, . . .
> (2) An order enjoining the methods, acts, or practices.
> (3) Restitution of property.
> (4) Punitive damages.
> (5) Any other relief that the court deems proper.

*See* Cal. Civ. Code § 1780(a). Here, the request for an order enjoining Ms. Pruter from engaging in further unlawful conduct falls squarely within "An order enjoining the methods, acts, or practices" alleged to have violated the CLRA. *Id.* § 1780(a)(2). But the request for an "injunction ordering the restitution of Ms. Breen's property" is more appropriately placed in subparagraph (a)(3), which allows for relief in the form of "Restitution of property." *See CarMax Auto Superstores Cal., LLC v. Superior Court*, No. E059594, 2014 WL 4533445, at *3 (Cal. Ct. App. Sept. 15, 2014) (unpublished) (holding that the plaintiff sought damages in his complaint in violation of the CLRA notice requirement where he pled he was "entitled to actual damages in an amount yet to be determined, including *restitution* of the amount actually paid or

11

payable under the contract"); *id.* ("The only exemption to the notice requirement is for actions that solely seek injunctive relief . . . .").

Even accepting those classifications, however, the statute is silent on whether a CLRA claim seeking restitution falls under § 1782(a)'s thirty-day notice requirement as "an action for damages pursuant to this title." *Id.* § 1782(a). Although restitution of property is listed separately from "An order enjoining the methods, acts, or practices" constituting the unlawful conduct, it is also in a category separate from "Actual damages." *See Gutierrez v. PCH Roulette, Inc.*, No. H024243, 2003 WL 22422431, at *5 (Cal. Ct. App. Oct. 24, 2003) (unpublished) ("The statute appears to limit the requirement of notice to actions for damages. Damages is only one of several forms of relief available under the CLRA. On appeal Dealer acknowledges that the only relief sought by Customers was restitution.").

The California Supreme Court has not had occasion to decide the precise question of whether notice is required only before a claim for "Actual damages," or prior to a claim for any relief beyond "An order enjoining the methods, acts, or practices" that violate the CLRA.[5] But in *Meyer v. Sprint Spectrum L.P.*, the

---

[5] Federal district courts interpreting California's statute in diversity actions are split on whether restitution falls under "damages" under the CLRA. *Compare Oxina v. Lands' End, Inc.*, No. 14-cv-2577-MMA (NLS), 2015 WL 4272058, at *2 (S.D. Cal. June 19, 2015) (unpublished) ("A claim for the equitable relief of disgorgement or restitution is still a claim for damages." (internal quotation marks omitted)), *and Ries v. Hornell Brewing Co.*, No. 5:10-cv-01139-JF/PSG, 2011 WL 1299286, at *6 (N.D. Cal. Apr. 4, 2011) (unpublished) ("[A] restitution claim brought under the CLRA is a claim for damages and requires proper notice."), *with Vasic v. PatentHealth, L.L.C.*, 171 F. Supp. 3d 1034, 1041 (S.D. Cal. Mar. 22, 2016) (unpublished) ("Although Plaintiff sought restitution and disgorgement in the

12

California Supreme Court distinguished between "any damage" and "actual damages" in assessing the standing requirement in § 1780(a). 200 P.3d 295, 298 (Cal. 2009) ("Any consumer who suffers any damage as a result of" a violation of the CLRA "may bring an action against that person to recover . . . (1) Actual damages . . . ."). The court concluded that "the breadth of the phrase 'any damage' indicates a category that includes, but is greater than, 'actual damages,' i.e., those who are eligible for the remedy of 'actual damages' are a subset of those who have suffered 'any damage.'" *Id.* at 299.

Although not directly on point, this analysis suggests the California Supreme Court would likewise view the notice required "before commencement of an action for damages" in § 1782(a) as applying to a category of damages greater than the "actual damages" available under § 1780(a)(1). *See In re Ford Tailgate Litig.*, No. 11-CV-2953, 2014 WL 1007066, at *9 (N.D. Cal. Mar. 12, 2014) (unpublished) ("If the notice requirement in § 1782(a) pertaining to 'an action for damages' is read narrowly to apply only to 'actual damages,' it would render the word 'actual' in § 1780 redundant and ignore the Legislature's specific exemption of 'injunctive relief' in § 1782(d).").

---

original Complaint, these do not appear to be 'damages' for purposes of the CLRA."), *and Rosales v. Fitflop USA, LLC*, 882 F. Supp. 2d 1168, 1177 (S.D. Cal. 2012) (holding § 1782(a) notice was not required where the "complaint sought only injunctive relief, restitution, and disgorgement, but not monetary damages"). Although these decisions address restitution in the form of money damages, for the reasons we discuss later in this decision, we do not read the statute as distinguishing on that basis.

13

That interpretation is further supported by the Supreme Court's statement in *Meyer* that: "[S]ection 1782, subdivision (d) contemplates the filing of a CLRA action for injunctive relief alone, and such actions are not subject to the requirements of subdivisions (a) and (b) of notice and allowance for voluntary correction." 200 P.3d at 301. Although the pronouncement was made in the context of reviewing the statute's standing requirements, it is consistent with an interpretation of the CLRA that mandates notice prior to the commencement of an action seeking any relief other than "[a]n order enjoining the methods, act, or practices" alleged to be unlawful.

This reading is also most consistent with the purpose of the notice requirement, which is to put the defendant on notice of the alleged violations "to permit appropriate corrections or replacements," and to "facilitate precomplaint settlements of consumer actions wherever possible." *Outboard Marine Corp. v. Superior Court*, 124 Cal. Rptr. 852, 858–59 (Cal. Ct. App. 1975). To that end, the CLRA requires that the consumer give notice of the alleged violations and "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770." Cal. Civ. Code § 1782(a). And it further provides that "no action for damages may be maintained . . . if an appropriate correction, repair, replacement, or other remedy is given." *Id.* at § 1782(b). By expressly providing for broad corrective action during the thirty-day notice period, not limited to the payment of money, the statute imposes a framework designed to avoid litigation irrespective of the nature of the relief requested. If the parties can agree to a remedy during the notice period, no action for damages can be brought and

14

the goal of precomplaint resolution is fulfilled. *Id.* § 1782(b); *see also People v. Hubbard*, 371 P.3d 578, 583 (Cal. 2016) (stating that in resolving questions of statutory interpretation, "our primary task is to give effect to the Legislature's intended purpose in enacting the law").

The CLRA provides only one exception to this thirty-day notice requirement, providing that "[a]n action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a)." Cal. Civ. Code § 1782(d). Again, this exception, when limited to injunctive relief in the form of "[a]n order enjoining the methods, act, or practices," furthers the statute's goal of reducing consumer litigation. By obtaining injunctive relief, the consumer can prevent new violations of the CLRA and thereby also prevent potential litigation brought by new consumers injured by those continuing practices. *Cf. Davis v. Louisiana-Pacific Corp.*, No. F051301, 2008 WL 2030495, at * (Cal. Ct. App. May 13, 2008) (holding plaintiffs did not seek "injunctive relief" as provided in § 1782(d) because they sought only a remedy of "repairing or replacing a roof" and the defendant "had already stopped production of [the defective] shingles and had ceased the alleged deceptive practices."). But all of the other relief available under § 1780 can be provided to the original consumer during the thirty-day notice period, thereby obviating the need for litigation. And whether the relief requested by that consumer is in the form of money damages, restitution of property, or other relief, the advantage of avoiding litigation is the same.

15

By interpreting the phrase "an action for damages" in § 1782(a) to refer broadly to all of the relief available under § 1780, we also harmonize the provisions of the CLRA. *See Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 352 P.3d 391, 396 (Cal. 2015) ("[A] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistenc[ies] in them, and construe them to give force and effect to all of their provisions.") (internal quotation marks omitted)).

If § 1782(a)'s requirement of notice thirty days prior to "an action for damages," refers only to notice of a claim for relief in the form of money damages, the provision disallowing an action for damages if an "appropriate correction, repair, replacement, or other remedy is given" makes little sense. This is because no notice would be required before an action seeking relief in the form of such corrective action. And if § 1782(a) is read to require notice only for claims seeking relief in the form of money damages, § 1782(d) would be rendered superfluous. There would be no need to carve out a claim for injunctive relief from the notice requirement if the phrase "an action for damages" already limited the thirty-day notice provision to claims seeking relief in the form of money damages. By interpreting "an action for damages" to refer broadly to any action to recover for the relief available to a consumer injured by a violation of the CLRA, each provision of the statute is afforded meaning and the goal of resolving disputes precomplaint is fulfilled. Accordingly, we conclude that the California Supreme Court would hold that the CLRA requires notice before any action for relief, with the sole exception of an

16

action for "[a]n order enjoining the methods, acts, or practices," alleged to violate the statute.

Here, Ms. Breen filed her complaint without waiting thirty days after serving notice on Ms. Pruter. She sought relief in the form of an injunction against the practices that violate the CLRA, as well as the restitution of her property. In light of the guidance from the California Supreme Court in *Meyer*, the district court did not err in concluding that Ms. Breen's CLRA claim violated the CLRA's notice provisions.

### 3. The District Court Did Not Abuse Its Discretion in Dismissing the CLRA Claim with Prejudice.

Ms. Breen next argues that, even if the complaint did improperly seek damages in violation of the CLRA notice requirements, the district court abused its discretion in dismissing the claim with prejudice. Our analysis of this issue is complicated by the fact that the statute is silent on the question and that the California Supreme Court has never had occasion to consider it. We are therefore bound to follow "the state's intermediate court decisions absent convincing evidence that the highest court would decide otherwise." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1204 (10th Cir. 2011) (internal quotation marks omitted). But that guidance is illusory because the California Courts of Appeal do not agree on the answer to this question. And, unlike in the Tenth Circuit, "there is no horizontal stare decisis in the California Court of Appeal." *Sarti v. Salt Creek Ltd.*, 85 Cal. Rptr. 3d 506, 510 (Cal. Ct. App. 2008). Therefore, we are tasked with

17

deciding which approach the California Supreme Court is more likely to adopt. *DeGasso*, 369 F.3d at 1145.

In *Outboard Marine Corp. v. Superior Court*, a panel of the California Court of Appeal found the plaintiffs did not submit the proper notice letter until several months after they filed a complaint seeking damages. 124 Cal. Rptr. 852, 858–59 (Cal. Ct. App. 1975). The plaintiffs argued that substantial compliance was all that was needed to satisfy the statute, especially since the CLRA mandates a liberal construction. *Id.* The court rejected that argument, noting that a liberal construction does not condone ignoring the plain language of a clear and unambiguous statute. *Id.* at 858. The court further reasoned that the

> purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements. . . . The clear intent of the act is to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished. This clear purpose may only be accomplished by a literal application of the notice provisions.

*Id.* at 858–59; *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007) ("Permitting Plaintiff to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement."). Subsequent decisions have relied on *Outboard Marine*'s call for "literal application of the notice provisions" to hold that noncompliant CLRA claims should be dismissed with prejudice. *See, e.g.*, *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1195–96 (S.D. Cal. 2005), *rev'd on other grounds sub nom. AT&T Mobility LLC v.*

18

*Concepcion*, 563 U.S. 333 (2011); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003); *Berry v. Webloyalty.com, Inc.*, No. 10-cv-1358-H (CAB), 2010 WL 8416525, at *5 (S.D. Cal. Nov. 16, 2010) (unpublished).

Thirty-four years later, and without mentioning *Outboard Marine*,[6] a different panel of the California Court of Appeal decided *Morgan v. AT&T Wireless Services, Inc.*, 99 Cal. Rptr. 3d 768 (Cal. Ct. App. 2009). In *Morgan*, the plaintiffs filed a complaint alleging a CLRA violation and later amended the complaint to add a claim for damages, without first satisfying the CLRA's notice requirement. *Id.* at 773–77. The plaintiffs then filed a third amended complaint, again requesting CLRA damages, and alleging they had mailed the required notice. *Id.* at 777–80. The defendant argued the CLRA claim should be dismissed because the plaintiffs had not complied with the notice requirement before filing the second amended complaint. *Id.* at 789. The Court of Appeal agreed the second amended complaint should be dismissed, but declined to do so with prejudice. *Id.* at 789–90.

The court explained that "[a] dismissal *with prejudice* of a damages claim filed without the requisite notice is not required to satisfy" the purpose of "allow[ing] a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30-day period that it will correct those wrongs within a reasonable time." *Id.* at 789; *Benson v. S. Cal. Auto Sales, Inc.*, 192 Cal. Rptr. 3d 67, 77 (Cal. Ct. App. 2015) ("[The CLRA] actually has two

---

[6] It is unclear why the court in *Morgan* never mentions *Outboard Marine*. Both parties addressed and analyzed the case in their briefs to the *Morgan* court.

19

purposes. Protecting consumers is one; providing efficient and economical procedures to secure such protection is the other."); *Trabakoolas v. Watts Water Techs., Inc.*, No. 12-cv-01172-YGR, 2012 WL 2792441, at *8 (N.D. Cal. July 9, 2012) (unpublished) (dismissing damages claim with leave to amend after finding the CLRA notice requirement was intended to "resolve quickly and efficiently consumer complaints . . . [and] inured to the consumers' benefit," and therefore should not operate as a "sword against consumers."). Accordingly, the Court of Appeal in *Morgan* dismissed the second amended complaint, but did so without prejudice to the plaintiff's right to refile after satisfaction of § 1782(a)'s notice requirement.[7] 99 Cal. Rptr. 3d at 789–90.

Here, the district court rejected the *Morgan* approach, instead agreeing with *Outboard Marine* that "strict compliance with the notice requirements is the only way to accomplish the CLRA's pre-litigation settlement goals." Where the California courts themselves are in disagreement, we cannot say the district court abused its discretion in following one line of that state's decisions. And we are further convinced the district court acted within its discretion under the particular facts of this case.

---

[7] And some courts have followed a middle ground, forbidding dismissal with leave to amend, and instead requiring dismissal "without leave to amend, . . . but also without prejudice to the refiling of the damages claim." *See, e.g.*, *Torrent v. Ollivier*, No. CV 15-02511 DDP (JPRx), 2016 WL 4596341, at *3 (C.D. Cal. Sept. 2, 2016) (unpublished). This ensures that defendants will not have "to defend against an improperly noticed CLRA damages claim while simultaneously attempting to rectify the underlying issues." *Id.*

20

Although the CLRA does not speak to whether it is appropriate to dismiss a premature request for damages under the CLRA with or without prejudice, the statute does expressly indicate one instance in which a claim for damages under the Act is barred. Cal. Civ. Code. § 1782(b), provides: "no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." And the California Court of Appeal has determined that whether a defendant has made appropriate correction, repair, replacement, or promised to do so within a reasonable amount of time is within the discretion of the trial court. *See Benson*, 192 Cal. Rptr. 3d at 73. Because this unambiguous provision of the CLRA is applicable under the present facts, the district court acted well within its discretion to dismiss the action with prejudice, even under the *Morgan* line of cases.

Here, the district court determined that Ms. Pruter "provided all the requested documents" Ms. Breen sought in the first § 1782(a) letter. Both parties agree. Indeed, the complaint itself states that Ms. Breen would amend that pleading to include a claim for monetary damages only if Ms. Pruter "fail[ed] to correct her actions within thirty days of the date of [the first] notice." And in her reply brief to this court, Ms. Breen noted that "[i]f the purpose of the notice requirement is to settle disputes without litigation, [the first § 1782(a) notice] served its purpose here." Because the district court determined and the parties agree that Ms. Pruter corrected the alleged violation within thirty days of the first § 1782(a) notice, the CLRA unambiguously

21

provides that "no action for damages may be maintained." Cal. Civ. Code § 1782(b). The district court therefore did not abuse its discretion in dismissing the CLRA claim with prejudice.

On appeal, Ms. Breen contends she did not receive full remediation because Ms. "Pruter never made any offer that would remediate [Ms. Breen's] monetary damages, even though they were clearly stated in Breen's second CLRA demand letter." But the remediation occurred within thirty days of Ms. Pruter's receipt of the first § 1782(a) notice, and a full month before Ms. Breen filed her second § 1782(a) notice in which she sought, for the first time, $3.5 million in monetary damages. *See also Meyer v. Sprint Spectrum L.P.*, 88 Cal. Rptr. 3d 859, 866 (Cal. 2009) ("[N]o CLRA action for damages may be maintained if there is appropriate correction within 30 days after receipt of notice."). Because the district court, the parties, and we agree that Ms. Pruter appropriately remediated Ms. Breen's harms as alleged in her first § 1782(a) notice letter, and did so long before she sent her second § 1782(a) notice requesting $3.5 million in monetary damages, we affirm the dismissal of the CLRA claim with prejudice.

## B. The District Court Correctly Granted Summary Judgment on the Unauthorized Practice of Law and Psychology Negligence Claims.

Ms. Breen next asserts the district court erred in granting summary judgment on her three negligence claims arising from the unauthorized practice of law and psychology. Count Thirteen of Ms. Breen's complaint alleged:

> By providing [Ms. Breen] with legal and psychological analyses and advice without being licensed to provide either, [Ms. Pruter's] conduct

should be held to the same standard of such a professional and any conduct that would be considered malpractice by such a licensed lawyer or psychologist should be treated at law as the commission of malpractice by [Ms. Pruter].

Counts Fourteen and Fifteen alleged that by advising Ms. Breen, a Wyoming citizen and resident, on matters relating to law and psychology without being legally authorized or licensed to do either, Ms. Pruter engaged in the unauthorized practice of both law and psychotherapy respectively.[8] Again, we review the district court's grant of summary judgment de novo. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 (10th Cir. 2016). The parties do not dispute that Wyoming law applies to these claims.

In Wyoming, a plaintiff must prove four elements to establish a claim of negligence:

(1) the defendant owed the plaintiff a duty to conform to a specified standard of care;
(2) the defendant breached the duty of care;
(3) the defendant's breach of the duty of care proximately caused injury to the plaintiff; and
(4) the injury sustained by the plaintiff is compensable by money damages.

*Downtown Auto Parts, Inc. v. Toner*, 91 P.3d 917, 919 (Wyo. 2004). "Whether a duty exists is a question of law for the court and may arise based upon common law, contract or statute." *Id.*

---

[8] Ms. Breen concedes that Count 13 is "not analytically different" from Counts Fourteen and Fifteen: "Any way one looks at it, [Ms.] Breen was asking the district court to hold [Ms. Pruter] to the standards of care of those professions."

23

For a negligence per se claim, the court must "decide whether to declare the legislative . . . enactment to be the minimum standard of care as a matter of law. In other words, if the enactment establishes the standard of care, its breach establishes the first two elements of the cause of action." *Frost v. Allred*, 148 P.3d 17, 19 (Wyo. 2006) (citation omitted). But "[b]efore a statute can be said to establish a standard of care, there must be a legal duty to which the statutory standard of care can be applied." *Sorensen v. State Farm Auto. Ins. Co.*, 234 P.3d 1233, 1240 (Wyo. 2010).

In *Sorensen*, the Wyoming Supreme Court refused to recognize a private cause of action for negligent failure to maintain liability insurance. *Id.* at 1237–39. The court in *Sorensen* first reasoned that "[w]hen the legislature has intended a statute to create a new tort duty, it either has plainly stated that a violation gives rise to an action for damages, or has employed language leaving no room for doubt that the provision modifies the common law and imposes a duty not previously recognized." *Id.* at 1239 (citations omitted); *see also Herrig v. Herrig*, 844 P.2d 487, 493–94 (Wyo. 1992) (holding the legislature did not intend to create a private right of action under the unfair claims settlement practices statute). Second, the Wyoming Supreme Court weighed the factors identified in *Gates v. Richardson*, 719 P.2d 193 (Wyo. 1986),[9] and declined to impose a common law duty. *Sorensen*, 234 P.3d at 1242–43.

---

[9] The factors are:

(1) the foreseeability of harm to the plaintiff, (2) the closeness of the connection between the defendant's conduct and the injury suffered, (3) the degree of certainty that the plaintiff suffered injury, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing

24

Ms. Breen argued in the district court that Ms. Pruter's duty arose from statute, specifically Wyoming Statute §§ 33-5-117 (unauthorized practice of law) and 33-27-119(b) (unauthorized practice of psychology).[10] The court relied on *Sorensen* to find that "the legislature did not intend for the statutes to create a new tort duty because they neither plainly stated that a violation would give rise to an action for damages, nor did they leave little doubt that the statute modified the common law and imposed a new tort duty." The district court determined "there is no duty in a negligence claim for the unauthorized practice of law and psychology, because Wyoming has not established a private cause of action."[11]

On appeal, Ms. Breen argues Ms. Pruter "had a duty . . . to provide her services using the care of a reasonable person" and the duty did not arise from statute. Ms. Breen explains she only listed the unauthorized practice of law and

---

future harm, (6) the extent of the burden upon the defendant, (7) the consequences to the community and the court system, and (8) the availability, cost and prevalence of insurance for the risk involved.

*Gates v. Richardson*, 719 P.2d 193, 196 (Wyo. 1986).

[10] Section 33-5-117 provides: "It shall be unlawful, and punishable as contempt of court, for any person not a member of the Wyoming state bar to hold himself out or advertise by whatsoever means as an attorney or counselor-at-law."
Section 33-27-119(b) provides: "[A]ny person who represents himself as a psychologist and who engages in the practice of psychology in violation of this act, is guilty of a misdemeanor . . . ."

[11] The district court found the statutes at issue to be comprehensive enactments. It noted that "the Wyoming Supreme Court and the State Board of Psychology are granted broad rule making, investigatory, and enforcement authority. There is no express provision to the contrary and therefore, the Court believes the Wyoming Legislature did not intend for the statutes to be enforced by private action."

psychology statutes to demonstrate the standard of care, not the duty itself. But Ms. Breen's complaint mentions neither the reasonable person standard nor general negligence. In fact, Ms. Breen concedes on appeal that she "inadvertently" did not plead a general negligence cause of action.[12] And even if she had pled that the statutes applied only to the standard of care and not the duty, this reasoning was directly rejected in *Sorensen*: "Before a statute can be said to establish a standard of care, there must be a legal duty to which the statutory standard can be applied. Thus, . . . we address first whether [the statute] should be construed to establish a common law duty actionable in negligence." 234 P.3d at 1240. The court in *Sorensen* then analyzed the *Gates* factors and declined to recognize a new common law cause of action for failure to maintain insurance. *Id.* at 1240–43. Although Ms. Breen now argues that the duty arises from common law and that the *Gates* factors weigh in favor of creating a common law unauthorized practice tort, the complaint wholly fails to allege a common law duty[13] and "absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). No such circumstances are present here.

---

[12] Ms. Breen explains she did not file a separate count because she thought a general negligence claim was like a "lesser included offense of negligence arising under negligence per se."

[13] In her reply brief, Ms. Breen asserts that she never argued the *Gates* factors because Ms. Pruter's summary judgment brief never argued a lack of duty, and therefore, Ms. Breen was under no obligation to address them. However, it is Ms. Breen who bears the burden of proving negligence, and she wholly failed in her complaint or elsewhere to argue a common law duty.

26

The district court correctly determined that the unauthorized practice statutes do not grant a private right of action under Wyoming law. Ms. Breen has waived any argument that the duties arise from common law. Therefore, the district court correctly dismissed Ms. Breen's unauthorized practice claims.

## C. The District Court Did Not Abuse Its Discretion in Denying Ms. Breen's Motion to Amend the Complaint to Add a Simple Negligence Claim.

Next, Ms. Breen argues the district court abused its discretion in denying her motion to amend the complaint to add a claim for simple negligence. The same day the district court issued its summary judgment order dismissing the unauthorized-practice negligence claims, Ms. Breen filed a motion to amend her complaint to include a claim of "simple negligence." The proposed count alleged:

> [Ms. Pruter] did not render her coaching and other services using the reasonable level of care and prudence of a reasonable person. . . . Alternatively, [Ms. Pruter] did not render her coaching and other services using the reasonable level of care and prudence of a reasonable person practicing in the field of life-coaching people who were going through high-conflict divorce or child custody situations, or experiencing parental alienation.

We review for abuse of discretion a district court's denial of a motion to amend the complaint. *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1262 (10th Cir. 2012); *see also Rocky Mtn. Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229,

27

1239–40 (10th Cir. 2010) (stating that a district court abuses its discretion where it "issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment").

Proper grounds for denying leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Here the district court denied the motion to amend for two independent reasons: undue delay and unfair prejudice.

**1. Undue Delay**

The court found undue delay because (1) Ms. Breen's "argument that negligence has been in this case since the beginning lends credence to the notion that the simple negligence claim should have been [pled] much earlier," and (2) Ms. Pruter's motion for summary judgment placed Ms. Breen "on notice that the negligence claims, as [pled], were in danger of being dismissed from the case." Although Ms. Pruter filed her motion for summary judgment on June 12, 2015, Ms. Breen did not file her motion to amend the complaint until August 6, 2015. Trial was scheduled to begin on August 31, 2015, discovery had closed, the court had already decided the summary judgment motions, and the pretrial conference had been held. The court found this delay "undue and unacceptable."

On appeal, as in the district court, Ms. Breen argues it did not become apparent until the summary judgment hearing that her unauthorized practice claims could be

28

dismissed. But the district court found to the contrary that Ms. Pruter's motion for summary judgment placed Ms. Breen on notice that her claims were in danger of being dismissed. We agree. Ms. Pruter's summary judgment motion specifically alleged that "Wyoming law does not appear to provide for a private cause of action" for unauthorized practice of law. Rather than seeking to amend the complaint to add a common law negligence claim at that time, Ms. Breen waited until the discovery and dispositive motion deadlines had passed and trial was imminent. The district court did not abuse its discretion by finding Ms. Breen unduly delayed submitting her motion to amend.

**2. Unfair Prejudice**

The court additionally found that allowing the amendment "would be unduly and unfairly prejudicial to" Ms. Pruter. Ms. Breen argued that Ms. Pruter would suffer no prejudice if the complaint was amended to add a common law negligence claim because there would be no need to conduct new discovery or designate a new expert. But the district court concluded that Ms. Pruter, not Ms. Breen, "get[s] to decide how to defend a case. [Ms. Pruter] should have the opportunity to properly address any new claims by conducting discovery, and making [her] own determination of whether an expert witness is appropriate." The court also found the amendment unfairly prejudicial because Ms. Pruter would not have the opportunity to file a motion for summary judgment before the start of trial. "[Ms. Pruter] should have the opportunity to fairly defend against all claims that are brought, and at this

late stage in the proceeding that would not be possible without unnecessarily delaying the process."

Under these circumstances, we cannot conclude the district court's denial of Ms. Breen's motion to amend was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Rocky Mtn. Christian Church*, 613 F.3d at 1239–40. We therefore hold the district court did not abuse it discretion, and we affirm its denial of the motion to amend.

### D. The District Court Did Not Abuse Its Discretion in Denying Ms. Breen's Motion for New Trial Based on Alleged Evidentiary Ruling Errors.

Finally, Ms. Breen argues the district court incorrectly denied her motion for new trial based on four alleged evidentiary errors during the course of the trial. We review the decision to deny a new trial for abuse of discretion. *United States v. Kelly*, 929 F.2d 582, 586 (10th Cir. 1991). A motion for new trial "is not regarded with favor and should only be granted with great caution." *Id.* Admissibility of evidence is also reviewed for abuse of discretion. *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998). Evidentiary rulings "generally are committed to the very broad discretion of the trial judge, and they may constitute an abuse of discretion only if based on an erroneous conclusion of law, a clearly erroneous finding of fact or a manifest error in judgment." *Leprino Foods Co. v. Factory Mut. Ins. Co.*, 653 F.3d 1121, 1131 (10th Cir. 2011) (internal quotation marks omitted). Even if "error is found in the admission of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party." *Sanjuan*, 160 F.3d at 1296.

30

Prejudice is found "if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." *Id.* (citation omitted).

On appeal, Ms. Breen argues the district court abused its discretion in denying her motion for new trial because the court inappropriately: (1) excluded evidence that Ms. Pruter allegedly plagiarized certain books, (2) admitted Dr. Childress's testimony in violation of Federal Rule of Evidence 701, (3) excluded Ms. Breen from testifying regarding her economic loss, and (4) excluded exhibits containing text message and emails between Ms. Breen and Ms. Pruter.

## 1. Admission of Books and Summary

At trial, Ms. Breen's counsel attempted to present a summary exhibit he had prepared demonstrating that Ms. Pruter allegedly plagiarized various books. When Ms. Pruter's counsel objected, the court called a sidebar, explaining the books were hearsay and could be admitted only under one of the exceptions to the hearsay rule. Ms. Breen's counsel asked the court if it could take judicial notice of one of the books, but the court explained it must be either a learned treatise or fall under one of the other exceptions to the hearsay rule.

After this interaction, Ms. Breen's counsel never moved to admit the books or the summary exhibit, and never made any further arguments for their admission. As a result, the district court held this alleged error should be reviewed for plain error. But because Ms. Breen never moved to admit the books or cited a specific rule of evidence supporting their admission, the district court determined it had not clearly erred or abused its discretion in excluding them.

31

The court also found no error in not admitting the summary because it was offered for demonstrative purposes only, and therefore, "the issue of whether this summary would be admitted as evidence was never before the Court." Finally, Ms. Breen could not show that any alleged error affected her substantial rights. *See Sanjuan*, 160 F.3d at 1296 (stating that even if "error is found in the admission of evidence, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party"). The district court found that Ms. Breen's counsel was able to cross-examine Ms. Pruter "regarding her extensive use of other authors' works in her book. This was not a copyright infringement trial that required proof of the extent and nature of taking materials from one book and putting them into another."

On appeal, Ms. Breen asserts the same arguments she presented in the district court and also attempts to assert additional arguments never presented before the district court. She claims our standard of review is abuse of discretion. But where Ms. Breen's counsel never moved for admission of either the books or the summary exhibit below, the district court correctly noted that appellate review is limited to plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011) ("If a newly raised legal theory is entitled to appellate review at all . . . it may form a basis for reversal only if the appellant can satisfy the elements of the plain error standard of review.").

And because Ms. Breen asserts this claim should be reviewed for abuse of discretion and never cites or argues under the plain error standard, she has forfeited

32

this claim on appeal. *See United States v. McGlothin*, 705 F.3d 1254, 1264 (10th Cir. 2013) ("At no point in either of his briefs to this court on appeal, however, did McGlothin argue his entitlement to relief under the applicable standard. By failing to argue his entitlement to relief under the applicable standard, McGlothin has forfeited the argument in this court."); *United States v. Games-Perez*, 695 F.3d 1104, 1111–12 (10th Cir. 2012) (holding an argument waived because the defendant neither laid out "the appropriate standard of review nor developed an argument for relief under the applicable standard"); *McKissick v. Yuen,* 618 F.3d 1177, 1189 (10th Cir. 2010) ("[E]ven if Ms. McKissick's duress arguments were merely forfeited before the district court, her failure to explain in her opening appellate brief why this is so and how they survive the plain error standard waives the arguments in *this* court."). We therefore affirm the district court's denial of the motion for new trial on this ground.

## 2. Dr. Childress's Testimony

At trial, Ms. Pruter called Dr. Childress, a clinical psychologist specializing in children and families who had known Ms. Pruter personally for about two years. When Ms. Pruter's counsel began questioning Dr. Childress regarding the "quality of Ms. Pruter's work," Ms. Breen's counsel objected, arguing Dr. Childress was listed as a fact witness and not as an expert witness. The court then allowed Ms. Breen's counsel under Rule 701 to voir dire Dr. Childress "on his ability to testify based on his perception." *See* Fed. R. Evid. 701 (governing opinion testimony by lay witnesses). After voir dire, Ms. Breen's counsel moved to *strike* Dr. Childress's testimony. The court denied the motion, noting that Dr. Childress had not yet

testified. Ms. Pruter's counsel then proceeded to question Dr. Childress, but as the district court explained in its order denying the new trial motion, Ms. Breen's "counsel *did not object to any of [Ms. Pruter's] counsel's questions and/or to Dr. Childress' answers.*" It therefore concluded that plain error review applied and that a new trial was not warranted.

On appeal, Ms. Breen argues that Dr. Childress's testimony was improperly based on scientific, technical, or other specialized knowledge that exceeds the bounds of lay witness opinion permitted under Rule 701. But Ms. Breen's counsel never raised these objections at trial, and on appeal she makes no attempt to meet the plain error standard. Instead, Ms. Breen contends that objecting after the offending testimony would have been pointless because "it's impossible to un-ring a bell, which is all instructing the jury to ignore the testimony would've done." Additionally, Ms. Breen fails to address how she was substantially prejudiced by Dr. Childress's testimony despite the opportunity to cross-examine him on his lack of personal knowledge about Ms. Pruter's interactions with Ms. Breen. As above, Ms. Breen has waived this argument by failing to assert the proper standard of review—plain error—and by failing to "develop[] an argument for relief under" this standard. *See Games-Perez*, 695 F.3d at 1111–12.

### 3. Ms. Breen's Testimony Regarding Potential Commission

During trial, Ms. Breen offered testimony as to the extent of her damages. Specifically, she attempted to testify about her belief that, but for Ms. Pruter's negligent advice, she would have earned a commission in the amount of $660,000 on

34

a real estate transaction. On Ms. Pruter's counsel's objection, the district court allowed counsel to voir dire Ms. Breen "regarding the basis for her conclusions on the loss she suffered from withdrawing from the project." Although ultimately excluding the testimony as "remote and speculate," the court allowed Ms. Breen's counsel to submit an offer of proof that the property was worth approximately $11 million and that Ms. Breen's commission would have been 6% of the sales price. But even Ms. Breen's counsel admitted that the property value was speculative. Ms. Breen argued that the exclusion of this evidence warranted a new trial.

The district court disagreed, noting that because the jury decided against Ms. Breen on her substantive claims, it never reached the issue of damages. And the district court found there "is no reason for the Court to conclude that the lost profits testimony would have changed the Jury's determination on whether Breen met her burden on the claims."

On appeal, Ms. Breen argues this evidence should have come in under Federal Rule of Evidence 701 because business owners may testify on the amount of money the business stood to make absent the wrongful conduct of others. But Ms. Breen ignores the fact that she could only speculate on how much the property was worth. More importantly, Ms. Breen fails to assert why this alleged error in excluding her testimony about damages prejudiced her where the jury found that Ms. Pruter was not liable at all. Indeed, Ms. Breen has not even suggested that the jury would have come to a different conclusion on the merits had it known the amount of commission she expected to earn on this transaction. Under these circumstances, the district court did

35

not abuse its discretion in denying a new trial based on the exclusion of Ms. Breen's testimony on this issue.

**4. Text and Email Messages Between Ms. Breen and Ms. Pruter**

At trial, Ms. Breen moved to admit two exhibits totaling 316 pages of text messages and emails between Ms. Breen and Ms. Pruter. Ms. Pruter's counsel objected to the exhibits based on double hearsay, and Ms. Breen's counsel countered that the emails and text messages were "not being offered for the truth of whatever any other person is—is asserting or what any other person may have said." Instead, Ms. Breen moved for admission to show the relationship between the parties. The district court "sustained the objection, but gave [Ms.] Breen's counsel an opportunity to redact the objectionable material from the exhibits." At a later conference, the district court advised Ms. Breen's counsel "that it was unlikely the Jury would read such a large exhibit and suggested pulling the most significant text and emails for individual consideration. *[Ms.] Breen never sought to offer the redacted emails or texts again during trial.*"

In her motion for new trial, Ms. Breen argued that statements of a party opponent are admissible as nonhearsay, and that any "limited amount of hearsay was not objectionable," and therefore should have been admitted by the court. The district court found no abuse of discretion because: (1) "while the texts and emails from Pruter to Breen were a statement of a party opponent, the texts and emails from Breen to Pruter were hearsay without any exception"; (2) the exhibit was confusing and prejudicial because it was a large document and would have been admitted

36

without any context to the jury; (3) the texts contained "information about other people's minor children and other items that were not admissible"; and (4) Ms. Breen never moved to admit the redacted version of the text and email conversations.

On appeal, Ms. Breen argues this was "important evidence" and the "failure to admit this evidence was devastating to [her]." Although it is likely true that it would have been beneficial for the jury to see some of these messages to get a sense of the relationship between the parties, Ms. Breen never moved for admission of the redacted texts and emails. Furthermore, the court's reasons for directing that the exhibit be redacted and simplified do not constitute an abuse of discretion.

We agree with the district court that none of these alleged errors justifies a new trial in this case. Accordingly, the district court did not abuse its discretion in denying the motion for a new trial.

## IV.    CONCLUSION

We affirm the district court in all respects. First, the district court did not err in dismissing Ms. Breen's CLRA claim and did not abuse its discretion in dismissing it with prejudice. Second, the district court correctly dismissed Ms. Breen's unauthorized-practice negligence claims because the statutes do not provide a private right of action, and Ms. Breen failed to argue to the district court that this duty arises from common law. Third, the district court did not abuse its discretion in denying the motion to amend based on undue delay and undue prejudice. And finally, the court did not abuse its discretion in denying the motion for new trial based on evidentiary

37

rulings, where Ms. Breen has failed to show either plain error or an abuse of discretion and Ms. Breen did not suffer substantial prejudice.

Entered for the Court


Carolyn B. McHugh
Circuit Judge